FULMER, Judge.
Lee County appeals a final judgment confirming the arbitrators’ award in a real property lease dispute. We affirm the trial court’s confirmation of the arbitrators’ findings and the provisions of the final judgment awarding money damages without further discussion. However, we reverse the provision of the final judgment that orders injunc-tive relief.
Fort Myers Airways, Inc. (FMA) leased various properties and related facilities from Lee County on which it conducted business activities as a fixed base operator at both Page Field and the Southwest Florida Regional Airport. A dispute arose over certain lease provisions. The parties engaged in extended litigation that was eventually submitted to arbitration. The arbitrators concluded that both FMA and Lee County breached various provisions of the lease agreements and determined the amount of damages that each party was entitled to recover from the other. The trial court confirmed the arbitrators’ decision and entered a final judgment implementing the arbitrators’ monetary award.
With respect to the Page Field lease, based on the arbitrators’ finding that Lee County breached its duty to structurally maintain the buildings, the final judgment also ordered Lee County to “structurally maintain the buildings and plans for such structural maintenance shall be completed within thirty (30) days and construction shall commence within sixty (60) days from the date of this judgment.” Section 44.104(11), Florida Statutes (1995), authorizes the trial judge to enter such orders and judgments as are required to carry out the terms of the arbitrators’ decision. However, a trial court cannot order injunctive relief unless the prerequisites for granting such equitable relief have been proven. A party seeking an injunction must demonstrate: (1) a clear legal right, (2) the inadequacy of a remedy at law, and (3) that irreparable injury will occur if such relief is not granted. Eastern Fed. Corp. v. State Office Supply Co., Inc., 646 So. 2d 737, 741 (Fla. 1st DCA 1994), rev. denied, 659 So.2d 271 (Fla.1995). The trial court made no findings that any of these prerequisites were met. Even if the prerequisites had been met, equity will not require by injunction the performance of an act where the harm to the person coerced is wholly disproportionate to the benefit to the other party. See Liza Danielle, Inc. v. Jamko, Inc., 408 So.2d 735, 738 (Fla. 3d DCA 1982). Furthermore, mandatory injunctions are looked upon with disfavor and should be granted sparingly and cautiously. Dudley v. Orange County, 137 So.2d 859 (Fla. 2d DCA), appeal dismissed, 146 So.2d 379 (Fla.1962), cert, denied, 372 U.S. 959, 83 S.Ct. 1014, 10 L.Ed.2d 12 (1963).
Given the failure of the trial court to address the prerequisites for granting in-junctive relief, the expansive nature of the injunctive relief, and the fact that we are unable to determine that the trial court weighed the relative hardship to Lee County against the benefit to FMA, we reverse and remand with directions to vacate that part of paragraph two of the final judgment which orders mandatory injunctive relief.
Affirmed in part, reversed in part, and remanded with directions.
*391 ALTENBERND, J., concurs.
THREADGILL, C.J., dissents with opinion.