PER CURIAM.
Plaintiff, United Automobile Insurance Company (“United”), appeals a non-final order denying its motion to enjoin the defendants, Sanar Clinical Rehab Center Inc. (“SCRC”) and its owner Carlos Garcia (“Garcia”), from utilizing one million dollars in assets, and from filing any further insurance claims with United. We affirm.
United sued Garcia and SCRC (collectively referred to as “Sanar”) civilly under the Florida RICO Act, Section 895.01 et seq., Florida Statutes (1999), alleging Sa-nar engaged in a continuous pattern of fraudulent billing practices. According to United, Sanar submitted bills for traction therapy, whirlpool therapy, manual massage and other treatments all of which were either never performed or performed by persons who were not licensed to perform them. United filed a verified motion for a temporary injunction claiming that Sanar fraudulently billed United up to $49,000. United sought to enjoin Sanar from utilizing up to one million dollars of Sanar’s assets and to enjoin Sanar from filing any further insurance claims with United.
In support of its motion for a temporary injunction, United submitted depositions, affidavits, exhibits and verdicts from eases in which other Garcia-owned climes were found to have submitted fraudulent billings. Sanar and Garcia were not parties in any of these other actions. The judge denied the motion, ordered the parties to engage in discovery and told United to reset the motion for a subsequent eviden-tiary hearing afterwards. United appeals the denial of its motion for a temporary injunction.
“A trial court has wide discretion to grant or deny a temporary injunction and an appellate court will not interfere with the exercise of such discretion unless the party challenging the grant or denial clearly shows an abuse of that discretion.” Perry & Co. v. First Sec. Ins. Underwriters, Inc., 654 So.2d 671, 671 (Fla. 3d DCA 1995). Generally, a temporary injunction will only be issued upon a showing of: (1) irreparable harm; (2) the unavailability of an adequate remedy at law; (3) a substantial likelihood of success on the merits; and (4) public interest considerations. See Naegele Outdoor Advertising Co., Inc. v. City of Jacksonville, 659 So.2d 1046 (Fla.1995); Smith Barney Shearson, Inc. v. Berman, 678 So.2d 376 (Fla.3d DCA 1996).
However, in order for a preliminary injunction to be granted under the Florida RICO Act, the moving party does not need to show irreparable harm but rather, must meet a lesser standard of showing an “immediate danger of significant loss or damage.” See § 899.05(6), Fla. Stat. (1999).[1]
In Banco Indus. de Venezuela, C.A v. Mederos Suarez, this Court held *358 that the statutory criteria for a preliminary injunction are satisfied under the Florida Rico Act, when the plaintiff has filed a verified complaint, furnished a sufficient bond, and made a sufficient showing of immediate danger of significant loss. See Banco Indus. de Venezuela, C.A v. Mederos Suarez, 541 So.2d 1324 (Fla. 3d DCA 1989). United contends that because it filed a verified complaint, alleged an immediate danger of significant loss and was willing to post a bond, it was entitled to a temporary injunction pursuant to Banco Indus, de Venezuela, C.A.. We disagree.
In Banco Indus. de Venezuela, C.A, the trial court specifically found an immediate danger of significant loss in addition to the necessary common law requirements. In contrast to Banco Indus, de Venezuela, C.A., United was unable to demonstrate an immediate danger of significant loss or the other requirements for a temporary injunction. Therefore, the trial judge did not abuse its discretion by denying the injunction.
To reverse the lower court’s denial of the injunction without the requisite specific findings, would amount to condoning pre-judgment attachments. “It is entirely settled by a long and unbroken line of Florida cases that in an action at law for money damages, there is simply no judicial authority for ... any restraint upon the use of a defendant’s unrestricted assets prior to the entry of judgment.” Konover Realty Associates, Ltd. v. Mladen, 511 So.2d 705, 706 (Fla. 3d DCA 1987).
In addition to not showing an immediate danger of significant loss, we determine that United requested relief which contravenes public policy. United sought to enjoin Sanar from utilizing up to $1,000,000 of its assets even though United claimed only $49,000 in fraudulent billing. Even if United had met the necessary showing of an immediate danger of significant loss, public policy dictates that:
... equity will not require by injunction the performance of an act where the harm to the person coerced is wholly disproportionate to the benefit to the other party, or indeed, when greater injury and inconvenience will result to the defendant from an injunction than will be caused to the plaintiff by its refusal.
Liza Danielle, Inc. v. Jamko, Inc., 408 So.2d 735, 740 (Fla. 3d DCA 1982). See also Eastern Federal Corp. v. State Office Supply Co., Inc., 646 So.2d 737 (Fla. 1st DCA 1995)(trial court required to weigh the effect injunction would have on both parties); Lee County v. Fort Myers Airways, Inc., 688 So.2d 389 (Fla. 2d DCA 1997)(equity will not require by injunction performance of an act where harm to person coerced is wholly disproportionate to benefit of other party).
Since United has failed to meet statutory and public policy requirements, the trial court did not abuse its discretion. Accordingly, the denial of the motion for a temporary injunction is affirmed.
Affirmed.

. Section 895.05(6), Florida Statutes, (1999) states, in
pertinent part:
[R]elief shall be granted in conformity with the principles that govern the granting of injunctive relief from threatened loss or damage in other civil cases, except that no showing of special or irreparable damage to the person shall have to be made. Upon the execution of proper bond against damages for an injunction improvidently granted and a showing of immediate danger of significant loss or damage, a temporary restraining order and a preliminary injunction may be issued in any such action before a final determination on the merits.