834 So.2d 341 (2003)
CITY OF INDIAN ROCKS BEACH, Florida, Appellant,
v.
Thomas TOMALO, Camille Tomalo, and Carole Ann Keegan, Appellees.
No. 2D02-670.
District Court of Appeal of Florida, Second District.
January 8, 2003.
Andrew J. Salzman and Elita D. Cobbs of Zimmet, Unice, Salzman & Feldman, P.A., Clearwater, for Appellant.
Deborah L. Martohue of Hayes & Martohue, P.A., St. Petersburg, for Appellees.
DAVIS, Judge.
Although this case was filed as a petition for "second-tier" certiorari review, it is more properly considered as a direct appeal. The petitioner specifically states that it does not challenge the underlying circuit court order granting certiorari relief by quashing the contested resolution, but rather challenges the subsequent order that is styled as an enforcement of that prior order.
These proceedings began when the owners of a parcel of land sought a permit to construct a dock.[1] The City of Indian Rocks Beach, through its designated employee, administratively approved the application. However, Thomas Tomalo, Camille Tomalo, and Carole Ann Keegan, neighbors of the subject property, sought review of the approval from the City's Board of Adjustment and Appeals (BOAA). After a de novo hearing, the BOAA voted to issue the dock permit. The Tomalos and Keegan then appealed to the City Commission, which voted to affirm the issuance of the dock permit.
*342 Several years later, the Tomalos and Keegan submitted a "second appeal" to the BOAA based on what they claimed was newly discovered evidence. This time, BOAA voted to rescind the permit. The property owners appealed to the City Commission, which, following a tie vote, rejected BOAA's recommendation to revoke the permit, affirmed issuance of the permit, and allowed the dock to remain.
The Tomalos and Keegan sought certiorari review in the circuit court, which granted their petition, finding that the City Commission's decision to uphold the dock permit violated the essential requirements of law. In granting the certiorari relief, the circuit court ordered: "[T]he Respondent's Resolution 00-81 is quashed. The Respondent shall proceed in a manner consistent with this Order."[2]
The City then issued two letters to the property owners, demanding removal of the dock within sixty days. When the owners failed to remove the dock, the Tomalos and Keegan filed in the certiorari proceeding a motion to compel compliance and a request for sanctions. The circuit court treated the motions as a motion to enforce mandate and issued an order in the nature of an injunction which directed the City to remove the dock or ensure its removal within thirty days.
A circuit court is not authorized to grant injunctive relief where it has neither been requested nor proven. See Lee County v. Fort Myers Airways, Inc., 688 So.2d 389 (Fla. 2d DCA 1997). Since the trial court here was not presented with a request for an injunction and no proof was offered to demonstrate the elements required to be proven before issuance of an injunction, the trial court was without authority to direct the City to remove the dock. Moreover, as observed in Lee County, mandatory injunctions are disfavored and should be granted sparingly. Id.
The City did rescind the permit as the prior order required. Accordingly, there were no further provisions of the prior order to be enforced. The enforcement of the city code provisions regarding an illegal dock is the subject of a different action requiring appropriate pleadings.
Therefore, the order enforcing the mandate is reversed.
BLUE, C.J., and KELLY, J., concur.
NOTES
[1] The owners of the subject property are not parties to this appeal.
[2] Resolution 00-81 is the resolution passed by the City Commission that affirmed the issuance of the permit by the BOAA.