# Third District Court of Appeal
## State of Florida

Opinion filed January 23, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D17-1706, 3D16-2796 & 3D17-151
Lower Tribunal Nos. 17-7783 & 16-25037
_____

**WD 19790, LLC,**
Appellant/Cross-Appellee,

vs.

**Dan Trust,**
Appellee/Cross-Appellant.

Appeals from non-final orders from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Stok Folk + Kon, Robert A. Stok and Joshua R. Kon, for appellant/cross-appellee.

GrayRobinson, P.A., Jack R. Reiter, John Herin, and Tiffany M. Walters; Fromberg Perlow & Kornick and Staci H. Genet (Fort Lauderdale), for appellee/cross-appellant.

Before FERNANDEZ, and LINDSEY, JJ., and LUCK, Associate Judge.

FERNANDEZ, J.

WD 19790, LLC, and H & M Development, LLC, (collectively, "WD") and

Dan Trust ("Dan") separately appeal the trial court's non-final orders concerning a

temporary injunction enjoining WD from trespassing on Dan's vacant lot.[1] The foremost issue before this Court is whether the order granting injunctive relief includes airspace trespass, specifically, WD's use of a tower crane that swings out over Dan's property. We hold that the temporary injunction order does not enjoin WD from airspace trespass and reverse and remand for further proceedings. We affirm as to all other issues without further discussion.

WD is the owner of a property that is sandwiched between and directly adjacent to Dan's two properties located in Miami Beach. One of Dan's two properties is a vacant lot that is the subject of this appeal. WD sought Dan's permission for temporary access to the vacant lot to facilitate construction of a zero-lot-line, twelve story office building on WD's property. WD alleges that, in reliance on receiving permission from Dan, WD entered upon the vacant lot to facilitate construction. Dan asserted that it did not grant WD authorization and demanded WD cease and desist

---

[1] The following appeals were consolidated for all purposes:

On December 13, 2016, WD appealed the trial court's non-final Amended Order Granting Plaintiff's Emergency Motion for Injunctive Relief enjoining WD from trespassing on Dan Trust's ("Dan") property.

On January 20, 2017, Dan appealed the trial court's non-final order partially granting WD's motion to stay the injunction pending appeal as to airspace trespass only.

On July 26, 2017, WD appealed the trial court's non-final order denying WD's motion for a temporary injunction to allow WD temporary access to Dan's property.

from further entry. Nevertheless, WD continued entry, and Dan brought a trespass action against WD.

On September 26, 2016, Dan filed its Verified Complaint for Damages & Injunctive Relief, stating that the following actions by WD constituted a trespass upon its property:

> Specifically, Defendants, without Plaintiff's authorization or consent, removed and destroyed Plaintiff's fencing[,] which provided a boundary and barrier between Plaintiff's and Defendant's Property, are regularly entering Plaintiff's Property with heavy construction equipment and are using Plaintiff's Property to increase access to Defendant's Property and have caused and continue to cause damage to Plaintiff's Property.

On November 9, 2016, Dan filed an Emergency Motion for Injunctive Relief to enjoin WD from continued trespass. In addition to the actions listed in the complaint, Dan added that WD was in the process of pouring columns that would stand more than one inch over Dan's property line, including concrete foundations and footings that would cause permanent encroachments.

On November 10, 2016, the trial court conducted an evidentiary hearing and entered an order partially granting Dan's emergency motion for injunctive relief. The order referenced an attached transcript of the evidentiary hearing, which the trial court failed to attach. The relevant portion of the order provides as follows:

> THEREFORE:
> 8. Plaintiffs Motion for Temporary Injunctive Relief against Defendants is GRANTED, in part, as follows (and as announced at the November 10, 2016 hearing on this matter, as set forth in the excerpt of Transcript

prepared by Joyce Hendrix, Prestige Reporting, attached hereto as Exhibit A):

9. Defendant, WD 19790, its agents, partners, employees, employers, attorneys and all others in active concert or participation with them are hereby immediately enjoined and restrained from any entry upon Plaintiffs Property.

10. Defendant WD 19790, its agents, partners, employees, employers, attorneys and all others in active concert or participation with it, shall immediately remove or cause to be removed their structures, improvements, equipment, vehicles and any other item Defendants caused to be located on Plaintiffs Property.

On November 16, 2016, WD filed a Motion for Stay of Entry of Order arguing insufficient notice of the evidentiary hearing[2] and failure to set a bond. The trial court set an evidentiary hearing on the motion for November 18, 2016. The hearing was continued until December 7, 2016. On November 28, 2016, Dan filed a Motion to Amend the Injunction Order for the purpose of including a bond. That same day, the Court proceeded to set the bond amount at $10,000.00 and amended the injunction order to include the bond. On December 13, 2016, WD filed a notice of appeal as to the non-final original injunction order and the amended order.

On December 15, 2016, Dan filed a Motion to Compel Compliance With and Hold Defendant in Civil Contempt for Violation of Injunction Order. Dan argued that

_____

[2] On November 9, 2016 at 4:19PM, the same day Dan filed its emergency motion, the trial court set an evidentiary hearing for November 10, 2016 at 10:00AM, providing WD notice of less than two business hours. During the hearing, WD stated that it needed more time to procure the evidence needed for a proper defense of WD's actions, as was previously stated in WD's November 1, 2016 motion for enlargement of time to file a response to the complaint. Nevertheless, the hearing was held as ordered.

4

WD defiantly put up a tower crane after the temporarily injunction order was issued. WD responded that the crane was up at the time of Dan's motion for injunctive relief and has remained in place. Dan asserted that the injunction order prohibits WD from operating the tower crane over Dan's property. Dan argues that the injunction order includes airspace trespass evidenced by the language "any entry." Dan also relies on the transcript of the evidentiary hearing where the trial judge states the common law rule, "And the property is not just the land; it goes up to the sky and down through the ground. So there cannot be any trespass or any future trespass either way. And so that's my order on a preliminary temporary basis pending further order of Court." Dan argues that the transcript was incorporated into the order by reference, though it was not directly attached to the order. In return, WD argues that any entry "upon" and removal of structures caused to be "located on" is language in the order denoting a ground trespass only. In the transcript for the hearing on the motion for contempt, Dan concedes that the base of the crane can be seen in a photo taken before the hearing. Dan insists that if it had seen the crane on the property, it would have included the crane in its complaint and motion for injunctive relief.

On December 19, 2016, WD filed an Emergency Motion to Stay Temporary Injunction Pending Appeal. On December 22, 2016, after a hearing on the parties' motions, the trial court denied Dan's motion to compel and granted WD's motion, in part, temporarily staying the injunction order as it relates to airspace trespass only and

5

affirming the injunction order as it relates to anything that touches the dirt of Dan's property. Dan filed a notice of appeal on January 20, 2017, appealing the order partially granting the stay, arguing that the stay was actually an improper modification of the injunction order.

On March 31, 2017, WD filed an Emergency Petition for Declaratory, Injunctive, and Supplemental Relief in the trial court. On July 6, 2017, the trial court denied the temporary injunction. On July 26, 2017, WD appealed this order.

This Court has jurisdiction to review non-final orders granting injunctive relief pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). The standard of review for an order granting or denying a temporary injunction is abuse of discretion. City of Miami Beach v. Kuoni Destination Mgmt., Inc., 81 So. 3d 530, 532 (Fla. 3d DCA 2012). Upon review of the record, we find that the non-final temporary injunction granting Dan's emergency motion for injunctive relief does not enjoin WD from operating a tower crane over Dan's property.

The trial court's temporary injunction order does not delineate the specific actions that constitute trespass upon Dan's property. The presumption is that WD is enjoined from committing the actions listed in Dan's motion, which largely mirrors the actions listed in the complaint. However, the motion and the complaint are devoid of any reference to airspace trespass generally or to WD's use of a tower crane over Dan's property. It is well-settled that "[a] circuit court is not authorized to grant

6

injunctive relief where an injunction has neither been requested, nor proven." <u>Minotty v. Baudo</u>, 42 So. 3d 824, 836 (Fla. 4th DCA 2010) (citing <u>City of Indian Rocks Beach v. Tomalo</u>, 834 So.2d 341, 342 (Fla. 2d DCA 2003)). We are unable to read an airspace trespass into an injunction order where the issue was neither pled in the complaint nor in the underlying motion.

As to the trial court's failure to attach the transcript to the injunction order, regardless of whether the transcript was incorporated by reference, the only relevant language in the transcript is the general restatement of the common law principle related to trespass law. During the evidentiary hearing, Dan did not present any evidence related to airspace trespass or to WD's use of a tower crane. It is not enough for the trial court to *sua sponte* find that the use of the tower crane over Dan's property constitutes an airspace trespass. <u>See</u> <u>First Union Nat'l Bank, N.A. v. Peoples Nat'l Bank of Commerce</u>, 644 So. 2d 538, 539 (Fla. 3d DCA 1994) (holding that the trial court erred by entering injunctive relief *sua sponte*, in the absence of the requisite pleadings and notice).

Accordingly, we conclude that the non-final temporary injunction order does not enjoin WD from operating a tower crane over Dan's property and reverse and remand for further proceedings consistent with this opinion. We affirm as to all other issues without further discussion.

Affirmed in part; reversed in part.