LEESBURG MOTOR CO., *et al.,* v. JOSEPH LIBAL.

152 So. 16.
Division B.
Opinion Filed January 12, 1934.

*Gaines & Futch,* for Appellants;

*Thomas H. Cooley,* for Appellee.

BUFORD, J.—In this case the appeal is from an order made without notice appointing a receiver of the lands and tenements involved in a foreclosure proceeding.

The practice in this regard is controlled by Sections 73 and 74 of the 1931 Chancery Practice Act of Florida. These sections of the Chancery Practice Act are statutory substitutes for Circuit Court Equity Rules 46 and 47, respectively.

Applying the sections of the Chancery Practice Act above referred to to the allegations of the bill of complaint upon which the appointment of receiver in this case was made, we find that the chancellor was not warranted in the making of an order appointing a receiver without notice, although if notice had been given and the allegations in the bill of complaint in this regard had been substantiated on hearing after notice, the order appointing a receiver would not have constituted reversible error. See Jacksonville Ferry Co. v. Stockton, 40 Fla. 141, 23 Sou. 557; Lehman v. Trust Company of America, 57 Fla. 473, 49 Sou. 502.

For the reasons stated, the order appealed from should be reversed. It is so ordered.

Reversed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.