THOMAS A. CASSARA v. OLIVE WOFFORD, a widow

28 So. (2nd) 904                                  January Term, 1948
March 4, 1947                                             Division B

G. A. *Worley* and *Jack Kehoe,* for appellant.
*Shutts, Bowen, Simmons, Prevatt & Julian,* for appellee.

PER CURIAM:

Plaintiff appellee filed her bill of complaint against the appellant seeking an adjudication that the tenants under a ten year lease were in default; that said lease be decreed cancelled; and that the plaintiff landlord be placed in possession.

Section 34 of the lease reads as follows:

"That upon any default the Lessor may apply at any time to a Court having jurisdiction for the appointment of a Receiver of all and singular the leased property, and of all and singular the rents, incomes, profits, issues and revenues thereof, from whatsoever source derived; and thereupon it is hereby expressly covenanted and agreed that the Court shall forthwith appoint such Receiver in like cases; and such appointment shall be made by such a Court as a matter of strict right to the Lessor and without reference to the adequacy or inadequacy of the security or value of the property hereby leased, or to the solvency or insolvency of the Lessees, or the security held by the Lessor, and that such rents, incomes,

profits, issues and revenues, shall be applied by such Receiver to the payment of the Lessees' indebtedness, or as otherwise ordered by the Court."

> Tr. Thomas A. Cassara v. Olive
> Wofford Sec. 34, pages 41, 42.

The rights of a receiver by the landlord are dependent upon whether or not the tenant is in default. Plaintiff alleges by her bill that the tenant is in default but before appointing a receiver notice should be given unless excused under the circumstances stated in F.S. Section 63.73—63.74 F.S.A.

The chancellor appointed a Receiver on application of the plaintiff without notice and the appellant-defendant now petitions this Court for a supersedeas of said order.

It is not made to appear by the record that by the giving of the notice "the injury apprehended will be done if an immediate remedy is not afforded." (See F.S. Section 63.73 F.S.A.)

The error appears so manifest that it is our conclusion that the writ should be granted and the order quashed.

It is so ordered.

THOMAS, C. J., TERRELL, BUFORD and CHAPMAN, JJ., concur.