PER CURIAM.
We are presented with an appeal from an order appointing a receiver. It appears from the pleadings that certain property of a corporation was appropriated by the plaintiff upon the theory that possession of the property was necessary to protect his rights as a corporation stockholder. The trial court apparently felt that there was some danger in allowing the corporation to hold the property without restriction pending the litigation; therefore, upon the motion of the plaintiff, he appointed a receiver to hold the property. There is no showing in the record that the property is susceptible to deterioration; nor does it appear that a receiver is necessary for the preservation of the property. *639 Under these circumstances, the trial court should not have appointed a receiver because the purposes sought to be accomplished could have been achieved in other ways. The appointment of a receiver is a drastic matter in that it constitutes a taking of property and, therefore, should not be used by the courts except in cases of necessity. See Recarey v. Rader, Fla.App.1975, 320 So.2d 28.
We think that it is important to point out that the Recarey v. Rader case had not yet been released and was, therefore, unavailable at the time the trial court made its decision in this case. Accordingly, the order appointing a receiver is reversed.
Reversed.