509 So.2d 966 (1987)
Willa Mae BOYD and Eli Boyd, Jr., Appellants,
v.
BANC ONE MORTGAGE CORP., Appellee.
Nos. 86-2240, 86-2795.
District Court of Appeal of Florida, Third District.
June 30, 1987.
*967 Alec Ross, North Miami Beach, for appellants.
No appearance for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant's motion for rehearing is granted and the above cases are hereby consolidated. The opinions of this court previously issued in these cases are withdrawn and this opinion is substituted therefor.
The trial court erroneously appointed a receiver without testimony, sworn pleadings or an affidavit demonstrating a show of "waste" which impairs the equity of security. Error was committed notwithstanding the provisions in the mortgage providing for 1) the appointment of a receiver in the event of default in the payment of the note secured thereby or other default in the mortgage, and 2) the assignment of rents from the secured property as additional collateral. Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241 (1930); Armour Fertilizer Works v. First Nat'l Bank of Brooksville, 87 Fla. 436, 100 So. 362 (1924); Polycoat Corp. v. City Nat'l Bank of Miami, 327 So.2d 126 (Fla. 4th DCA 1976); Edenfield v. Crisp, 186 So.2d 545 (Fla. 2d DCA 1966). Plus, it was error for the order appointing a receiver not to require a bond of either the plaintiff or receiver. Edenfield, supra; Belk's Dept. Store, Miami, Inc. v. Scherman, 117 So.2d 845 (Fla. 3d DCA 1960).
For this reason, the interlocutory order under review is reversed, the final judgment of foreclosure and all proceedings thereafter are vacated, and the cause remanded for further proceedings.
Reversed and remanded.