DANAHY, Acting Chief Judge.
The appellee brought this action against the appellants to foreclose a mortgage covering a shopping center in Hillsborough County owned by the appellants. After the appellants filed an answer and affirmative defenses, and a counterclaim, the appellee moved for the appointment of a receiver. The trial judge entered an order appointing a receiver without requiring the posting of a receivership bond by the appellee. The appellants seek review of that order, claiming that the trial judge erred in failing to require the appellee to post a receivership bond. We agree and reverse.
Florida courts have held that the applicant for the appointment of a receiver should be required to provide a bond if the receiver is appointed, sufficient in amount to protect the opposing party from any losses sustained should it ultimately be concluded that the appointment of the receiver was improvident, unless exceptional circumstances are shown which preclude the need or ability to furnish such a bond. Belk’s Department Store, Miami, Inc. v. Scherman, 117 So.2d 845 (Fla. 3d DCA 1960); Turtle Lake Associates, Ltd. v. Third Financial Services, Inc., 518 So.2d 959 (Fla. 1st DCA 1988). The appellee has not alleged exceptional circumstances in this case. Accordingly, we reverse with *419 directions that the appellee be required to post an adequate bond in accordance with this opinion.
REVERSED AND REMANDED.
LEHAN and THREADGILL, JJ., concur.