PER CURIAM.
Arthur Chromy appeals from a nonfinal order appointing a receiver in a mortgage foreclosure action. For the following reasons, we reverse.
Midwest Federal Savings & Loan Association holds a mortgage and security agreement on property purchased by Chromy; Chromy assumed the mortgage. The agreement provides that, if the mortgagor defaults and Midwest sues to enforce the agreement, Midwest is entitled to the appointment of a receiver to take possession of the mortgaged property. Upon Chro-my’s default, Midwest filed an unverified complaint for foreclosure and immediately moved for appointment of a receiver. After a hearing on the motion at which the court received no testimony or affidavit from Midwest, the trial court appointed a receiver. This court expressly disapproved such a result in Boyd v. Banc One Mortgage Corp., 509 So.2d 966, 967 (Fla. 3d DCA 1987):
The trial court erroneously appointed a receiver without testimony, sworn pleadings or an affidavit demonstrating a show of “waste” which impairs the equity of security. Error was committed notwithstanding the provisions in the mortgage providing for 1) the appointment of a receiver in the event of default in the payment of the note secured thereby or other default in the mortgage, and 2) the assignment of rents from the secured property as additional collateral. (Citations omitted.)
See also M.B.D. Properties, Ltd. v. Shangri-La Resorts II, Inc., 546 So.2d 35 (Fla. 3d DCA 1989) (error to appoint receiver where there was no verified showing that party asking for receiver wall recover in underlying foreclosure action).
On the authority of Boyd, we reverse and remand for further proceedings consistent -with this decision.
Reversed and remanded.