PER CURIAM.
Appellant, Shops of Sunset, Ltd., appeals a non-final order appointing a receiver for a shopping center, unless appellant posted a $50,000 surety bond within 15 days of the order. We reverse and remand.
Appellant holds a ground lease on the Shops of Sunset Shopping Center. Appel-lees, Herbert Jay Cohen and Dale A. Heck-erling, fee owners and lessors under the ground lease, brought suit against appellant to terminate the lease for appellant’s failure to cure a mortgage default. Appel-lees also filed a motion to appoint a receiver to safeguard rental proceeds collected by the appellant from subtenants. A hearing was held on appellees' motion and, thereafter, the trial court entered an order appointing a receiver for the shopping center, unless appellant posted a surety bond within 15 days. It is from' that order that appellant brings this appeal.
Appellant argued the trial court erred in appointing a receiver because ap-pellees did not establish their entitlement to a receiver. We agree. We hold the trial court erred in appointing a receiver without testimony, sworn pleadings or affidavits submitted in support of appellees’ motion. M.R.D. Properties, Ltd. v. Shangri-La-Resorts II, Inc., 546 So.2d 35 (Fla. 3d DCA 1989); Colley v. First Federal Savings and Loan Association of Panama City, 516 So.2d 344 (Fla. 1st DCA 1987); Boyd v. Banc One Mortgage Corp., 509 So.2d 966 (Fla. 3d DCA 1987); Polycoat Corporation v. City National Bank of Miami, 327 So.2d 126 (Fla. 4th DCA 1976).
We further rule the trial court erred in its appointment of a receiver by failing to require the appellees or the receiver to post a bond. Turtle Lake Associates, Ltd. v. Third Financial Services, Inc., 518 So.2d 959 (Fla. 1st DCA 1988); Boyd v. Banc One Mortgage Corp., 509 So.2d at 967; see Belk’s Department Store, Miami, Inc. v. Scherman, 117 So.2d 845 (Fla. 3d DCA 1960).
Accordingly, the non-final order appealed is reversed and the cause remanded for further proceedings.