POLEN, Judge,
dissenting.
I respectfully dissent. Steven L. War-shall appeals from an order appointing a receiver to take possession of, and collect the accounts receivable of his medical practice in post-judgment collection proceedings. Writs of execution were issued on two judgments entered against Warshall.[1] Appellee, Richard Price, the judgment creditor, filed a motion for proceedings supplementary and application for appointment of a receiver. Attached to Price’s motion was an affidavit attesting to the entry of the judgment and issuance of writs of execution that were outstanding and unsatisfied. After hearing, and without admitting evidence, the trial court entered an order appointing a receiver.
I disagree with the majority’s determination that appellee was entitled to appoint *753 ment of a receiver without showing exigent circumstances, need, and the absence of alternative remedies. The appointment of a receiver is a drastic matter in that it constitutes a taking of property and should not be used by the courts except in cases of necessity. Electro Mechanical Products, Inc. v. Borona, 324 So.2d 638, 639 (Fla.1976).[2] To be sure, there may be other, more drastic creditor’s rights available to appellee. Assuming a sheriffs levy on a debtor’s accounts receivable is available to the judgment creditor (I’m not clear how the sheriff or the creditor would then apply such accounts receivable to satisfy the judgment), this does not presuppose that other, albeit arguably less drastic, remedies can be had without some minimal showing of necessity beyond “the judgment has not been satisfied after execution.”
I would hold that the trial court erred in appointing a receiver on the strength of Price’s affidavit, and in the absence of evidence showing that the property was susceptible to deterioration and that a receiver was necessary for the preservation of the property. I would reverse the trial court’s order appointing a receiver and remand with instructions that an evidentiary hearing be conducted to determine the necessity for such an appointment.

. Neither the majority nor this dissent addresses the propriety of these judgments, which are the subject of two separate appeals pending before this court (case Nos. 91-2816 and 92-1154).

. See also Florida Rule of Civil Procedure 1.620, referencing rule 1.610 as to notice provisions.