PER CURIAM.
Appellants, who are the mortgagors in this cause, challenge the non-final order of the trial court appointing a receiver for the subject real property and setting the appellee’s bond for receivership at $10,000. Appellee is the holder of the second mortgage and promissory note on the property. The right of the appellee to the appointment of a receiver in the event of a default was provided for in the mortgage. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(D).
We affirm with regard to the trial court’s appointment of a receiver, concluding that there was substantial evidence in the record to indicate that appellants defaulted on their mortgage obligations. We conclude, however, that the trial court erred when it set appellee’s bond for the receivership at $10,-000.
The applicant for the appointment of a receiver is required to post a bond “sufficient in amount to protect the opposing party from any losses sustained should it ultimately be concluded that the appointment of a receiver was improvident, unless exceptional circumstances are shown which preclude the need or ability to furnish such a bond.” Comprop Inv. Properties, Ltd. v. First Texas Sav. Ass’n, 534 So.2d 418 (Fla. 2d DCA 1988). In this case there were no exceptional circumstances, and uncontested testimony showed the property to be worth two to two and one-half million dollars. Clearly, a $10,000 bond is inadequate. Cohen v. Rubin, 554 So.2d 4 (Fla. 3d DCA 1989) (trial court erred in setting receivership bond at $1,000 where property was valued at $1,400,000).
We, therefore, reverse that portion of the order which set the appellee’s bond for the receivership at $10,000 and, as in Cohen, we “remand with instructions to the trial court to hold a hearing, guided by the principles of Parker Tampa Two, Inc. v. Somerset Development Corp., 544 So.2d 1018 (Fla.1989), to set a reasonable and adequate bond.” 554 So.2d at 6.
We find no merit to the other points raised by appellants in this appeal.
Affirmed in part, reversed in part, and remanded with instructions.
CAMPBELL, A.C.J., and PARKER and LAZZARA, JJ., concur.