994 So.2d 371 (2008)
Cynthia PHILLIPS, et al., Appellants,
v.
Timothy GREENE, Appellee.
Nos. 3D07-2771, 3D07-3139.
District Court of Appeal of Florida, Third District.
September 24, 2008.
*372 Horan, Wallace & Higgins and Cara A. Higgins, Key West; Dadd and Nelson and Eric Thomas Dadd, New York, for appellants.
Samuel J. Kaufman, Key West, for appellee.
Before GERSTEN, C.J., and SUAREZ and CORTIÑAS, JJ.
GERSTEN, C.J.
Cynthia Phillips and Cindy's Signs, Inc., (collectively "Signs") appeal the trial court's order denying Signs' emergency motion to vacate the appointment of a receiver. Because the initial appointment of the receiver was improper, we reverse.
Timothy Greene ("Greene") filed an unverified complaint against Signs seeking judicial dissolution of the corporation, an accounting, and damages. In the complaint, Greene claimed to own one-half of the corporation, but provided no evidentiary or sworn support. At the same time, Greene filed an emergency motion to appoint a receiver.
Without notice or a hearing, the trial court appointed a receiver. Soon thereafter, Signs filed an emergency motion to vacate the order appointing the receiver. The motion to vacate stated that the trial court erred in appointing the receiver without notice or a hearing; that appointment of the receiver imposed an unnecessary financial burden on Signs; and that the receivership should be vacated because the trial court failed to order Greene or the receiver to post a bond.
The trial court stated that it was not convinced Greene had a valid interest in Signs, but that the "only real choice" was to put a neutral party in charge of the corporation. The trial court denied the motion to vacate. Signs appealed.
Signs asserts that the trial court's appointment of the receiver and denial of the motion to vacate was improper because it violated the notice and hearing requirements of Florida Rule of Civil Procedure 1.620. Additionally, there was no verified complaint or affidavit showing why no notice or a hearing was required. In contrast, Greene contends that Signs waived the notice requirement. Greene further contends that rule 1.620 is satisfied because a hearing took place ten days after the receiver was appointed. We agree with Signs and reverse.
Section 607.1432(1), Florida Statutes (2007), allows for the appointment of a corporate receiver or custodian. However, section 607.1432(1) requires notice to all interested parties and a hearing before a receiver is appointed. It is well established that courts are generally not warranted in appointing a receiver without notice. See, e.g., Leesburg Motor Co. v. Libal, 113 Fla. 742, 152 So. 16 (1934).
*373 Rule 1.620 requires compliance with the notice requirements of Florida Rule of Civil Procedure 1.610. Thus, incorporating rule 1.610 requirements, a receiver may only be appointed without notice if: (1) it appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss, or damages will result before a hearing can take place; (2) the movant's attorney must certify in writing any efforts that have been made to give notice, and the reasons why notice should not be required; and (3) the trial court states the reasons notice was not required, and how irreparable harm might result if immediate action is not taken.
Further, unless the party seeking receivership shows that there is a strong likelihood it will succeed upon the merits at trial, and that the remedy at law is inadequate, a receiver should not be appointed. Apalachicola N. R. Co. v. Sommers, 79 Fla. 816, 85 So. 361, 362 (1920). The power of appointment of a receiver is a delicate one that should be used with great circumspection. See McAllister Hotel Inc. v. Schatzberg, 40 So.2d 201 (Fla.1949); Tampa Waterworks Co. v. Wood, 97 Fla. 493, 121 So. 789 (1929).
Here, there are multiple reasons why we reverse the order: (1) there was no notice or hearing before the trial court appointed the receiver; (2) Greene did not file a verified complaint showing immediate and irreparable harm; (3) the trial court's order did not announce reasons why notice was not required; and (4) there was no evidence that Greene would succeed on the merits at trial or that the remedy at law was inadequate.
Accordingly, because the initial appointment of a receiver was improper, the trial court's denial of the motion to vacate appointment of the receiver was error. We, therefore, reverse and remand for proceedings consistent with this opinion.
Reversed and remanded.