GERBER, J.
 

 The defendants appeal the circuit court’s order granting the plaintiffs motion to appoint a receiver. The defendants raise five arguments. On the first four arguments, we affirm. On the fifth argument — that the court erred by not requiring the plaintiff or the receiver to furnish a bond without the plaintiff having shown exceptional circumstances which preclude
 
 *1233
 
 the need or ability to furnish such a bond — we reverse.
 

 The plaintiff moved to appoint a receiver to take control of and manage the defendant condominium association. In the motion, the plaintiff alleged that leaks from the condominium building’s roof were damaging the plaintiffs unit and the building’s common elements. The plaintiff further alleged that he made demands upon the association to repair or replace the roof, but it ignored his demands. Therefore, the plaintiff requested the circuit court to appoint a receiver, but “without bond or other security.” The plaintiff did not explain why he requested the court to appoint the receiver “without bond or other security.”
 

 After conducting an evidentiary hearing, the court orally granted the motion and, on its own, named a receiver. In naming the receiver, the court stated that it wanted the receiver to be somebody who “knows what [he is] doing, and [the receiver] has that background and experience ... [H]e is a very well respected lawyer in Fort Lauderdale for many years and he has ... the ability to do it.”
 

 After the court’s oral ruling, the court entered a written order which stated, in pertinent part, “The court appoints [name of receiver] as the receiver, without bond or other security.” The court did not explain why it allowed the receiver to serve “without bond or other security.”
 

 The defendants then filed this appeal. The defendants argue that the court erred by not requiring the plaintiff or the receiver to furnish a bond without the plaintiff having shown exceptional circumstances which preclude the need or ability to furnish such a bond.
 

 We agree. “Florida courts have held that the applicant for the appointment of a receiver should be required to provide a bond if the receiver is appointed, sufficient in amount to protect the opposing party from any losses sustained should it ultimately be concluded that the appointment of the receiver was improvident,
 
 unless exceptional circumstances are shown which preclude the need or ability to furnish such a bond.” Comprop Inv. Props., Ltd. v. First Tex. Sav. Ass’n,
 
 534 So.2d 418, 418 (Fla. 2d DCA 1988) (emphasis added; citations omitted).
 

 Here, the plaintiff did not show exceptional circumstances which preclude the need or ability to furnish such a bond. We do not accept the court’s comments regarding the receiver’s background and experience as constituting such exceptional circumstances. Therefore, we remand for the circuit court to require the plaintiff or the receiver to furnish such a bond, unless the plaintiff shows exceptional circumstances which preclude the need or ability to furnish such a bond.
 

 Affirmed in part, reversed in part, and remanded.
 

 STEVENSON and TÁYLOR, JJ., concur.