ROTHENBERG, J.
Peter Wenzel, et al., (‘Wenzel”) appeal the trial court’s non-final orders granting Gary Burman’s (“Burman”) motion to appoint a receiver. Because we find that the record supports the trial court’s findings, and no abuse of discretion has been shown, we affirm.
The company at issue, Community Property Management Group, Inc. (“CPMG”), is a real estate management company formed by Burman and Wenzel, who each own fifty percent of the company and serve as its sole officers and directors. The company’s affairs came to halt after a contractual dispute developed between Wenzel and Burman. Wenzel contends that in December 2010, he and Burman agreed that Wenzel would purchase Bur-man’s fifty percent share of the company for an initial payment of $4,638.03 and specified continuing benefits. Wenzel drafted and signed a stock purchase agreement reflecting this alleged agreement and incorporating certain changes that Wenzel insists were requested by Burman. According to Wenzel, he tendered the $4,638.03 initial payment to Burman based on Burman’s representation that he would sign the final agreement, but after receiving the payment, Burman refused to sign the agreement or return the $4,638.03. Burman, on the other hand, claims he never agreed to sell his fifty percent interest *1006 in CPMG, and that the $4,638.03 payment was proffered to him pursuant to a settlement agreement between himself and Wenzel for unrelated matters. This contested contractual issue has not been factually resolved below.
After Burman refused to sign the agreement or return the $4,638.03, Wenzel, without Burman’s consent, assigned CPMG’s sole assets-two condominium management contracts — to Real Equities Inc., a company partially owned by Wen-zel. In response, Burman filed a six-count complaint against CPMG, Wenzel, and Real Equities, and subsequently filed an emergency motion for appointment of a receiver. After conducting a hearing, the trial court entered an order granting the motion, finding that the directors of CPMG are deadlocked, the shareholders of CPMG are unable to break the deadlock, and CPMG has suffered irreparable injury. Thereafter, the trial court issued a modified order requiring the cost of the receiver to be paid out of CPMG’s assets. Wen-zel appeals both orders.
Pursuant to section 607.1430(2)(a), Florida Statutes (2011), a circuit court may appoint a receiver if, in a proceeding by a shareholder, “it is established that ... [t]he directors are deadlocked in the management of the corporate affairs, the shareholders are unable to break the deadlock, and irreparable injury to the corporation is threatened or being suffered.” “The appointment of a receiver rests within the sound discretion of the trial court and, therefore, the trial judge’s discretion should not be disturbed unless an abuse of discretion is clearly shown.” Puma Enters. Corp. v. Vitale, 566 So.2d 1343, 1344 (Fla. 3d DCA 1990).
In its order granting Burman’s emergency verified motion to appoint a receiver, the trial court found that all of the requirements under section 607.1430(2)(a) for the appointment of a receiver were met. Specifically, the trial court determined that “[t]he directors of [CPMG] are deadlocked. The shareholders of CPMG are unable to break the deadlock between the directors. CPMG has suffered irreparable injury.” The record contains competent evidence supporting each of the trial court’s findings. The shareholder agreement identifies both Wenzel and Burman as shareholders of CPMG; Burman testified that he is a shareholder of CPMG; on cross-examination, Wenzel admitted that Burman is a shareholder; Burman testified that CPMG’s only assets were “stolen” by Wen-zel, leaving CPMG with “virtually nothing”; and Burman testified that the company’s good will is being spoiled because CPMG cannot continue to conduct its business affairs in light of the shareholder deadlock.[1] Accordingly, we conclude that the trial court did not abuse its discretion by: (1) finding that the directors of CPMG are deadlocked, the shareholders are unable to break the deadlock, and, as a consequence of this deadlock, CPMG has suffered irreparable injury, and (2) appointing a receiver based on these findings.
Affirmed.

. To the extent Wenzel relies on Phillips v. Greene, 994 So.2d 371 (Fla. 3d DCA 2008), for the proposition that a party seeking a receiver must show that there is "a strong likelihood of success upon the merits at trial, and that the remedy at law is inadequate,” we conclude that: (1) the language Wenzel relies on is dicta; (2) the authority the Phillips Court relied on, Apalachicola N.R. Co. v. Sommers, 79 Fla. 816, 85 So. 361, 362 (Fla. 1920), predates the receivership statute; and (3) the primary issue in Phillips was whether a receivership hearing must be properly noticed, and this is not the issue in this appeal.