# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2666

_____

MARY VIRGINIA GRAHAM,

    Appellant,

    v.

CONSTANCE R. UPHOLD and
BARMARRAE BOOKS, INC.,

    Appellees.

_____

On appeal from the Circuit Court for Alachua County.
Monica J. Brasington, Judge.

April 30, 2018

PER CURIAM.

    Dr. Mary Virginia Graham challenges an order appointing a custodian to manage a small business she owns together with Dr. Constance R. Uphold. The business is subject to a judicial dissolution proceeding initiated by Dr. Uphold. Dr. Graham argues that the appointment of the custodian violated the statutory stay of the dissolution proceedings in effect when Dr. Graham elected to purchase Dr. Uphold's shares and requested a fair value determination from the court. For the reasons below, we agree with Dr. Graham and reverse.

*Facts*

The story of Barmarrae Books, Inc. (BBI) is one of a business relationship gone wrong. Drs. Graham and Uphold each own fifty percent of the shares in BBI, a small corporation they formed to sell a medical textbook they co-wrote. In recent years, multiple conflicts between the two shareholders have destroyed what used to be a functional business relationship.

Dr. Uphold initiated these proceedings by filing a complaint for involuntary dissolution of BBI pursuant to section 607.1430(2), Florida Statutes (2016), as a result of continuing deadlock among the parties regarding BBI's operations and management. The complaint also included a claim for an equitable accounting regarding the copyright of the textbook.

Shortly after the dissolution action was initiated, Dr. Graham filed a notice under section 607.1436, Florida Statutes, electing to purchase all of Dr. Uphold's corporate shares in lieu of the dissolution. After the parties failed to agree on the fair value of Dr. Uphold's shares, Dr. Graham asked the court to make the determination pursuant to section 607.1436(4), which triggered a stay of the dissolution proceedings.

Approximately nine months later, Dr. Uphold moved under sections 607.1431(3) and 607.1432, Florida Statutes, for the court to appoint a custodian pendente lite "to preserve BBI's assets and to carry on and manage its business and affairs." Dr. Uphold alleged a series of improprieties and breaches of fiduciary duty by Dr. Graham that "jeopardize[] the current and ongoing value of BBI, and Dr. Uphold's equity interest in it." For example, Dr. Uphold alleged that Dr. Graham and her son had taken control of nearly all BBI's operations—preventing Dr. Uphold from carrying out her responsibilities as a corporate officer—and Dr. Uphold feared Dr. Graham would waste BBI's assets. Dr. Uphold also alleged that Dr. Graham had refused to participate in discovery, preventing Dr. Uphold from obtaining the information needed to argue her case at a hearing to determine the fair value of her shares.

Dr. Graham categorically denied Dr. Uphold's allegations of misconduct and also argued that the court lacked authority to

appoint a custodian during the statutory stay of the dissolution proceedings in effect once the fair value determination was requested.

After an evidentiary hearing, the court entered an order granting Dr. Uphold's motion for a custodian. The court did not make any findings of misconduct, waste, or risk of future waste due to Dr. Graham's actions. Rather, the court found that Dr. Graham had refused to allow Dr. Uphold access to corporate records. The court explained,

> Given the lack of transparency and the withholding of information between the members of the corporation, it is virtually impossible for the Court to determine whether a custodian is *necessary* to manage the business and affairs of the corporation. However, the Court has both statutory and inherent authority to exercise its discretion to appoint a custodian, if appropriate. In this case, the Court finds it appropriate and to be in the best interest of the corporation and its members.

The court appointed a custodian "to serve as a neutral overseer for the company and to insure that the corporation has its legal obligations met." The court further provided that the custodian "shall exercise all powers of the corporation and shall have exclusive authority to manage the affairs of the corporation in the best interests of the corporation's shareholders and creditors." The order recognized that the dissolution proceedings were stayed under section 607.1436(4) but rejected the stay as precluding a custodian's appointment, stating that "other causes/actions of the case are not stayed and proceed as usual."

This appeal followed.

## *Analysis*

Whether the trial court could appoint a custodian during the statutory stay is a pure question of law. Questions of law are reviewed de novo. *Jackson-Shaw Co. v. Jacksonville Aviation Auth.*, 8 So. 3d 1076, 1085 (Fla. 2008). Whether the court otherwise properly entered the custodianship order is reviewed for an abuse of discretion. *See Plaza v. Plaza*, 78 So. 3d 4, 6 (Fla. 3d DCA 2011).

3

A corporate shareholder may petition for judicial dissolution of a corporation based on the limited grounds set forth in section 607.1430, Florida Statutes. As an alternative to the so-called "corporate divorce," one or more shareholders may elect to purchase the shares of the complaining shareholder at the fair value of the shares. § 607.1436(1), Fla. Stat. Once made, the buyout election is "irrevocable unless the court determines that it is equitable to set aside or modify the election." *Id.* The buyout election also prevents the petitioning shareholder from discontinuing or settling the dissolution action, or selling or otherwise disposing of his or her shares, unless the court determines that it would be equitable for the corporation and the other shareholders to do so. § 607.1436(2), Fla. Stat.

After a buyout election, the parties have sixty days to reach an agreement on the fair value of the petitioning shareholder's shares and the terms of purchase. § 607.1436(3), Fla. Stat. If the parties are able to reach an agreement within that time period, the court must direct the purchase of the shares consistent with the parties' agreement. *Id.* If the parties are unable to agree,

> the court, upon application of any party, shall stay the s. 607.1430 proceedings and determine the fair value of the petitioner's shares as of the day before the date on which the petition under s. 607.1430 was filed or as of such other date as the court deems appropriate under the circumstances.

§ 607.1436(4), Fla. Stat. After the court determines the fair value of the shares, the court must direct the sale of the shares to the shareholder(s) electing to purchase the petitioning shareholder's shares and dismiss the petition to dissolve the corporation. § 607.1436(5)-(6), Fla. Stat.

In this case, the parties do not dispute that a statutory stay of the dissolution proceedings was triggered upon Dr. Graham's request for the court to determine the fair value of Dr. Uphold's shares. And rightly so, as the language of section 607.1436(4) clearly provides that a stay of the "s. 607.1430 proceedings" is mandatory in that situation. *See State v. Burris*, 875 So. 2d 408, 410 (Fla. 2004) ("When a statute is clear, courts will not look

4

behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent.").

The parties disagree on whether the court could nonetheless appoint a custodian pendente lite with the stay in effect. Dr. Uphold contends the statutory stay does not operate to halt all proceedings brought to dissolve a corporation because the court is required to take further action in the same proceedings to achieve the alternative end of a buyout on terms to be determined by the court. Yet Dr. Uphold sought a custodianship "to preserve BBI's assets and to carry on and manage its business and affairs" under sections 607.1431(3) and 607.1432. Similarly, the trial court relied on its authority under section 607.1432 to appoint the custodian. While these sections allow a court to appoint a custodian to take possession of a corporation and manage it under the court's authority, they do so only in the context of *judicial dissolution proceedings*. Because the dissolution proceedings were required by statute to be stayed at the time Dr. Uphold moved for the appointment of a custodian, the court did not have the authority under either section 607.1431(3) or section 607.1432 to make the appointment.

Dr. Uphold also contends that even if the court did not have statutory authority to appoint a custodian during the stay, it had inherent authority to do so in connection with the fair value determination or "any other pending counts." Analogizing the appointment of a custodian to the appointment of a receiver, Dr. Uphold relies on cases involving equitable receiverships and argues that, generally, a receiver is appropriate to protect interested parties against a risk of loss. *See Apalachicola N. R. Co. v. Sommers*, 85 So. 361, 362 (1920) ("The cases in which receivers will be appointed are ordinarily limited to those in which it appears that the appointment is necessary, either to prevent fraud or to save the property from injury or threatened loss or destruction.").

The appointment of a receiver "is a rare and extraordinary remedy." *Plaza*, 78 So. 3d at 6; *see also Electro Mech. Prods., Inc. v. Borona*, 324 So. 2d 638, 639 (Fla. 3d DCA 1976) ("The appointment of a receiver is a drastic matter in that it constitutes a taking of property and, therefore, should not be used by the

courts except in cases of necessity."). A trial court abuses its discretion when it "appoint[s] a receiver in the absence of a showing that property is subject to a serious loss." *Plaza*, 78 So. 3d at 6.

To the extent that any such inherent authority exists in this case, the court made no finding of waste or serious risk of loss. Indeed, based on the language of the court's ruling, it appears that the court itself was uncertain about the need for a custodian to manage the business and affairs of BBI. In any event, because the statute allows the trial court to value Dr. Uphold's shares as of the day before Dr. Uphold filed the dissolution action, Dr. Uphold is already protected against the risk of loss. The appointment of the custodian is both unauthorized by statute and unnecessary.

Accordingly, the custodianship order is REVERSED.

RAY, BILBREY, and WINOKUR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Matthew J. Conigliaro of Carlton Fields Jorden Burt, P.A., Tampa, for Appellant.

Eric A. Dibert of Bogin, Munns & Munns, P.A., Gainesville, for Appellee Constance R. Uphold.