# Third District Court of Appeal

## State of Florida

Opinion filed May 20, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1904
Lower Tribunal No. 25-13194-CA-01
_____

**Dana Entertainment, Inc., et al.,**
Appellants,

vs.

**Tucan & Baru Brickell, LLC,**
Appellee.

An Appeal from a non-final order the Circuit Court for Miami-Dade County, Daryl E. Trawick and Mavel Ruiz, Judges.

Levine Kellogg Lehman Schneider + Grossman LLP, and Marcelo Diaz-Cortes for appellants Dana Entertainment, Inc., and Tu Candela Bar LLC; Quintero Broche & Fonseca-Nader, P.A., and Juan P. Broche, for appellant Marlon Brian Mejia.

Hirzel Dreyfuss & Dempsey PLLC, and Leon F. Hirzel, for appellee.

Before, SCALES, C.J., and LOGUE and GORDO, JJ.

GORDO, J.

Dana Entertainment, Inc., Tu Candela Bar, LLC, and Marlon Brian Mejia ("Dana") appeal the trial court's non final orders appointing a receiver over Tucan & Baru Brickell, LLC ("Tucan") and denying its motion to set aside the receivership. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(B); 9.130(a)(3)(D). We reverse and remand.

**I.**

Tucan runs a nightclub with an average reported gross sales revenue of approximately $12 million per calendar year since 2021. In July 2025, Tucan filed a complaint against Marlon Mejia[1] in his individual capacity. It alleged breach of statutory duties of loyalty and care, common law breach of fiduciary duty, unjust enrichment, conversion and unfair competition. Tucan seeks compensatory and consequential damages, imposition of a constructive trust in favor of Tucan, disgorgement by Mejia of money, assets or interest acquired through his misconduct and an award of interest and costs. Tucan did not seek or demand injunctive relief or the appointment of a receiver within its complaint.

---

[1] Marlon Mejia is co-manager of Tucan & Baru Brickell LLC with Hector Antunez. Pursuant to the "Operating Agreement of Tucan & Baru Brickell, LLC," Mejia—as owner of Tu Candela Bar LLC—owns a 27% interest in the Tucan & Baru Brickell LLC.

2

At 11:49 p.m. on August 29, 2025—the Friday prior to Labor Day— Tucan filed an emergency motion for the appointment of a receiver. The motion was neither verified nor accompanied by an affidavit making factual averments. On August 30, 2025, Tucan submitted unverified exhibits in support of its motion. On September 3, 2025, little more than thirty-six hours following the holiday, the trial court judge entered the order appointing a receiver without having a hearing or receiving a response. The order was entered at 1:30 p.m. Sixteen minutes later, the trial court judge recused himself from the case.

The receivership order found that "good and sufficient cause exists for the appointment of a receiver" and without further explanation, appointed a certified public accountant as receiver for Tucan and its assets. It also delineated such things as the powers of the receiver, froze Tucan's assets, suspended all powers and authority of Tucan's officers, shareholders, and managers and enjoined all persons other than the receiver from transferring, encumbering or disposing of any Tucan assets. The order, however, made no findings of fact and did not identify any irreparable harm facing Tucan or explain the need for a receiver. The order set the receiver's bond at $5,000, despite Tucan generating annual revenue of approximately $12 million.

In response to the receivership order, Mejia immediately filed his verified objections and motion to dissolve the receivership. Nonparty members of Tucan also immediately moved to intervene in the action and requested dissolution of the receivership. The intervening members represent approximately 44-47% of the membership interest of the company.

On September 15, 2025, the trial court held a hearing on the motion to dissolve the receivership. It expressed concern over allegations of theft by Mejia and summarily rejected Mejia's arguments about the lack of sworn evidence, any evidentiary support showing good cause to appoint a receiver, due process violations in the manner the order was entered and the legal insufficiencies of the receivership order. To address these concerns, the trial court continued the receivership and scheduled an evidentiary hearing for September 22, 2025, to determine whether appointing a receiver over Tucan was justified.

At the September 22 evidentiary hearing, Hector Antunez ("Antunez") testified as owner of Tucan. In his testimony, he made allegations that Mejia improperly competed and diverted funds, resigned as manager and ruined Tucan's profitable business. Due to the allotted time expiring, the hearing concluded during the cross examination of Antunez—no other witnesses were called. The trial court subsequently continued the evidentiary hearing

4

to October 6, 2025, with the receivership in place. Three days prior the scheduled hearing, Dana filed this appeal resulting in the trial court refusing to hold the hearing.

## II.

While a decision to appoint a receiver is reviewed for abuse of discretion, related legal issues—such as compliance with applicable law—are reviewed de novo. See Fed. Nat'l Mortg. Ass'n v. JKM Servs., LLC for Cedar Woods Homes Condos. Ass'n, Inc., 256 So. 3d 961, 966 (Fla. 3d DCA 2018) ("The trial court's authority to appoint a receiver for condominium units in arrears on condominium assessments, whether by statute or as a matter of equity and common law, is a legal issue reviewable under the de novo standard of review, but the decision to appoint a receiver is reviewed for an abuse of discretion."). "Discretion . . . is abused when the judicial action is arbitrary, fanciful, or unreasonable[.]" Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980) (citation omitted).

## III.

"The appointment of a receiver is a drastic matter in that it constitutes a taking of property and, therefore, should not be used by the courts except in cases of necessity." Electro Mech. Prods., Inc. v. Borona, 324 So. 2d 638, 639 (Fla. 3d DCA 1976). "The notice provisions of Florida Rule of Civil

Procedure 1.610 clearly apply to an application for receivership." DeSilva v. First Cmty. Bank of Am., 42 So. 3d 285, 288 (Fla. 2d DCA 2010) ("The provisions of rule 1.610 as to notice shall apply to applications for the appointment of receivers." (citing Fla. R. Civ. P. 1.620(a)). "Ordinarily, a hearing is required before appointment of a receiver." Id. (citing Edenfield v. Crisp, 186 So. 2d 545, 548 (Fla. 2d DCA 1966); Phillips v. Green, 994 So. 2d 371, 373 (Fla. 3d DCA 2008)).

In accordance with Rule 1.610, "a receiver may only be appointed without notice if: (1) it appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss, or damages will result before a hearing can take place; (2) the movant's attorney must certify in writing any efforts that have been made to give notice, and the reasons why notice should not be required; and (3) the trial court states the reasons notice was not required, and how irreparable harm might result if immediate action is not taken." Phillips, 994 So. 2d at 373. See also Fla. R. Civ. P. 1.610(a)(1)-(2).

This Court has long held that a trial court cannot appoint a receiver without hearing some evidence, either in the form of testimony, affidavits, or some other sworn pleadings. See Boyd v. Banc One Mortg. Corp., 509 So. 2d 966, 967 (Fla. 3d DCA 1987) ("The trial court erroneously appointed

6

a receiver without testimony, sworn pleadings or an affidavit . . . . For this reason, the interlocutory order under review is reversed[.]"); Lakeview Townhomes of Cal. Club, Inc. v. Coral Gables Fed. Sav. & Loan Ass'n, 656 So. 2d 240, 240 (Fla. 3d DCA 1995) ("We reverse, as the order was entered without testimony, sworn pleadings or an affidavit demonstrating a show of waste which impairs the equity of security." (quoting Boyd, 509 So. 2d at 967) (internal quotation marks omitted)); M.R.D. Props., Ltd. v. Shangri-La Resorts II, Inc., 546 So. 2d 35, 36 (Fla. 3d DCA 1989) ("We reverse the order under review because no sworn proof was ever adduced below . . . . [n]o testimony or affidavits were presented . . . [in support of the] motion for the appointment of [a] receiver."); Shops of Sunset, Ltd. v. Cohen, 551 So. 2d 1272, 1273 (Fla. 3d DCA 1989) ("We hold the trial court erred in appointing a receiver without testimony, sworn pleadings or affidavits submitted in support of appellees' motion.").

In the case before us, Tucan filed its emergency motion for the appointment of a receiver at 11:49 p.m. on August 29, 2025—the Friday evening prior to Labor Day. The motion was neither verified nor accompanied by an affidavit making factual averments. The following day, Tucan submitted unverified exhibits in support of its motion. Little more than thirty-six hours following the holiday, the trial court judge appointed the

7

receiver without waiting for a response. The trial court did not provide notice or a hearing before issuing an order that effectively eviscerated all of Dana's property rights. This constitutes an abuse of discretion.

Additionally, the trial court's order did not comply with the basic requirements of the rule under which the receivership was sought. See Fla. R. Civ. P. 1.610. It failed to specify the reasons for entry, define the injury, state findings why the injury may be irreparable and explain the urgency of any basis to enter it without due process. See Fla. R. Civ. P. 1.610(a), (c); DeSilva, 42 So. 3d at 288; Phillips, 994 So. 2d at 373. The order merely found that "good and sufficient cause exists for the appointment of a receiver," without further explanation. This was error.

The error was compounded when the newly assigned trial judge refused to hold or proceed with the hearing, allowing the receivership to continue without any basis for more than seven months. "Appointment of a receiver is not a matter of right." Twinjay Chambers P'ship v. Suarez, 556 So. 2d 781, 781 (Fla. 2d DCA 1990). "Rather, it is an extraordinary remedy which must be exercised with caution as it is in derogation of the fundamental right of the legal owner to possession of the property." Id. See also Barnett Bank of Alachua Cnty., N.A. v. Steinberg, 632 So. 2d 233, 234 (Fla. 1st DCA 1994) (same); U.S. Bank Nat'l Ass'n. v. Cramer, 113 So. 3d 1020, 1023 (Fla.

8

2d DCA 2013) ("The appointment of a receiver should be approached with caution and circumspection. . . . A cautious approach to the appointment of a receiver is appropriate because such an appointment is in derogation of the fundamental right of the legal owner to possession of the property." (internal quotation marks and citations omitted)); Plaza v. Plaza, 78 So. 3d 4, 6 (Fla. 3d DCA 2011) ("Appointing a receiver is a rare and extraordinary remedy."); Warshall v. Price, 617 So. 2d 751, 752 (Fla. 4th DCA 1993) ("[A] motion for the appointment of a receiver of the property of the defendant is a drastic matter constituting a taking of property and requires a showing of exigent circumstances.").

Dana also argues the trial court erred by setting a grossly inadequate bond without considering the evidence. We agree. Florida law requires that a receiver post a bond "sufficient in amount to protect the opposing party from any losses sustained should it ultimately be concluded that the appointment of a receiver was improvident[.]" Rescom Invs., Inc. v. Strategic Consulting & Managing, Inc., 635 So. 2d 1061, 1062 (Fla. 2d DCA 1994) (citation omitted).

Here, Tucan runs a nightclub with an average reported gross revenue of approximately $12 million a year since 2021. The trial court set bond for $5,000. Clearly the bond is inadequate. See Cohen v. Rubin, 554 So. 2d 4,

5 (Fla. 3d DCA 1989) (reversing order setting receiver bond at $1,000 where the properties were valued at approximately $1.4M); Rescom Invs., Inc., 635 So. 2d at 1062 (reversing portion of order setting receiver bond at $10,000 where the property was worth between $2.0M and $2.5M). "[A] receiver . . . [whose] duties will consist of or include the handling of substantial sums of money, should be required to file a bond, with good and sufficient surety[.]" Edenfield, 186 So. 2d at 548.

By appointing a receiver without notice and a hearing, issuing an order lacking conformity to Rule 1.610's requirements and setting an inadequate bond the trial court undoubtedly abused its discretion. We reverse and remand for immediate dissolution of the receivership and further proceedings consistent with this opinion.[2]

Reversed and remanded.

---

[2] We need not address whether a corporation can obtain a receiver for itself or whether it was error for the trial judge to issue the order minutes prior to recusing himself.

10