# DECISIONS

## OF THE

# SUPREME COURT OF FLORIDA.

————•●•————

## JANUARY TERM, 1873.

————•●•————

ALEXANDER H. CUNNINGHAM VS. JAMES F. TUCKER, MINNIE
T. TALLMADGE AND JOHN L. CLAY.

1. The act of November 25th, 1828, (Thompson's Digest, 183,) declaring mortgages upon personal property not "effectual or valid to any purpose whatever," unless recorded in the records of the county where the property is at the time of the execution of the mortgage, &c., is not applicable to mortgages upon vessels owned within the United States; such mortgages and the record thereof are to be considered with reference to legislation by the Congress of the United States within the powers of Congress respecting the "regulation of commerce."

2. The allegations in a complaint or in the accompanying affidavits filed upon an application for injunction and receiver, should show by direct and positive statements the facts entitling the party to the relief prayed and to the exercise of the summary process of the Court, and not merely upon information and belief unsupported by other evidence. The exception to this rule is that a preliminary injunction is sometimes allowed upon allegations founded upon information and belief, until, under an order to show cause, a hearing can be had and better evidence adduced.

3. The rule prohibiting attorneys at law from becoming sureties in attachment, appeal, &c., does not prohibit them from executing bonds or undertakings as principals in behalf of parties.

Appeal from the Circuit Court for Duval County, Fourth Judicial Circuit.

The statement of the case is contained in the opinion of the court.

*Call & Basnett* for Appellants.

*H. Bisbee, Jr.*, and *J. J. Finley* for Respondent.

RANDALL, C. J., delivered the opinion of the court.

This is an appeal from orders of the Circuit Court of Duval county, allowing an injunction and appointing a receiver. It appears by the complaint that the plaintiff seeks to foreclose a mortgage upon a steamboat called the *George*, executed at the city and State of New York, by defendant, Tucker, to the plaintiff, to secure several thousand dollars mentioned in a certain promissory note. The complaint alleges that the mortgage was recorded in the office of Collector of Customs in the city of New York, where the boat was at that time.

After answer by the defendants, Clay and Tallmadge, and a demurrer on the part of Tucker, an injunction was allowed, and a receiver appointed to take charge of the property. The injunction restrained the defendants from interfering or intermeddling with the steamboat, &c.

It is insisted by the defendants that because the mortgage mentioned in the complaint, (the execution of which is, however, denied,) if executed at all, was made in the State of New York, and that the "home port" of the steamer was Cedar Keys in Florida, and because the mortgage was not recorded in the records of any county in this State, that by the laws of this State (act of Nov. 25, 1828, Th. Dig., 183, sec. 4,) the mortgage was not "effectual or valid to any purpose whatever, unless such mortgage shall be recorded in the office of records for the county in which the mortgaged property shall be at the time of the execution of the mortgage, unless the mortgaged property be delivered, &c. This statute, whatever might be thought of it with regard to mortgages executed within this State, is probably inappli-

cable to mortgages executed elsewhere. It is impossible to apply it to a mortgage executed in New York upon property in New York, which may be subsequently removed to this State.

But a mortgage upon this kind of property must be considered with reference to the legislation of Congress, if Congress has legislated upon the subject.

The Supreme Court of the United States has decided (7 Wallace, 646,) that legislation in regard to the sale, mortgage, conveyance, &c., of vessels of the United States, is within the powers of Congress respecting the " regulation of commerce," and that such legislation by Congress must prevail against any State law on the subject. The act of Congress of July 29, 1850, (9 Statutes at Large, 440, section 1,) provides, that " no bill of sale, mortgage, hypothecation or conveyance of any vessel, or part of any vessel, of the United States, shall be valid against any person other than the grantor or mortgagor, his heirs and devisees, and persons having actual notice thereof, unless such bill of sale, mortgage, hypothecation or conveyance be recorded in the office of the collector of the customs where such vessel is registered or enrolled."

This act must be held to supercede any statute law of the State with reference to this species of property, and the mortgage held to be " effectual and valid " as against the mortgagor and others having actual notice of its existence, whether recorded or not, and good as against all the world if it be recorded as required by the act of Congress.

The complaint states that the defendants, Tallmadge and Clay, had notice of the mortgage at the time of their purchase, and that the defendant, Tucker, was the mortgagor, and it alleges, upon information and belief, that the purchase respectively by Clay and by Tallmadge was without consideration, and their respective titles merely colorable. The defendants, Clay and Tallmadge, deny that they had knowledge or notice of the mortgage at the time of their

respective purchase, and allege that such purchases were *bona fide* and upon good and sufficient consideration.

Clay answers that he purchased from Tucker in 1870, and that the property was delivered to him with a bill of sale. Tallmadge answers that she purchased the steamer at a sale by a receiver, appointed in a proceeding before the Circuit Court for Duval county. The execution of the mortgage by Tucker is denied by them. The steamer, at the time of the commencement of this suit, was at Jacksonville, Florida.

The grounds upon which the injunction was prayed and the receiver appointed were, that the money mentioned in the mortgage had been long due and unpaid; that the property was depreciating in value; that liens for seamen's wages were accumulating against it, and that there was reason to believe that the defendants would remove the steamer beyond the jurisdiction of the court, and that they are insolvent.

All the material allegations in the complaint and in the affidavits submitted on the part of the plaintiff as grounds for the orders appealed from, are upon the information and belief of the affiants, except as to the execution and recording of the mortgage and note, and the amount due, and that the property was depreciating in value. All the material allegations of the plaintiff were denied by the answers and affidavits on the part of the defendants, which were filed prior to the making of the orders.

The Code of Procedure does not change the rule as to the character of the evidence required, upon an application for an injunction, from that which was required under the former equity practice. It must "appear satisfactorily to the Judge that sufficient grounds exist" for making the order. The facts showing the plaintiff's right to the relief and to injunction should be stated in the bill or accompanying affidavits in direct terms, and not upon information and belief alone. This has long been the settled rule in equity proceedings. The only exception to the rule is that a pre-

liminary injunction is sometimes allowed upon allegations founded upon information and belief, until, under an order to show cause, &c., a hearing can be had, and proper evidence adduced.

The defendants, Clay and Tallmadge, not only deny the execution of the mortgage and the recording of it, but deny all knowledge or information of its existence at the time of their several purchase of the steamer. There are no proofs submitted to show the truth of the plaintiff's allegations. It, therefore, could not "appear" that the plaintiff was entitled to the relief demanded.

Moreover, the plaintiff's complaint does not show that the mortgage is good as against subsequent purchasers without notice. The complaint alleges that the mortgage is recorded in the office of the collector of customs in New York, but it fails to show that New York was the "home port" of the steamer or the place "where the vessel is *registered* or *enrolled*," as required by the act of Congress. The answers state that the steamer is registered at Cedar Keys. As the case stood before the Circuit Judge, the plaintiff was not entitled to the relief demanded as against the purchasers of the property, and therefore no order for injunction or receiver should have been made.

It is unnecessary, in disposing of this case, to notice any of the other questions submitted. It was objected that the bond or undertaking was signed by an attorney-at-law contrary to the positive rule of the Circuit Court. That rule, however, refers to attorneys signing as *sureties* of parties. There is no objection to their signing bonds or undertakings as *principals* or in behalf of parties. The rule is one which should be strictly construed. See 5 Fla., 280; 12 Fla., 144.

The order of the Circuit Court for Duval county allowing an injunction and appointing a receiver in this case is reversed and set aside, and the cause remanded for such proceedings as may be had therein according to law, and the rules and practice of the court.