APALACHICOLA NORTHERN RAILROAD COMPANY, ET AL., *Appellants, v.* DAVID SOMMERS; ET AL., *Appellees.*

Opinion Filed May 13, 1920.

1. Receivers *pendente lite* of property may at the instance of litigants be appointed by courts having jurisdiction in the premises, only when the movants for such appointments have a legal or equitable right to apply for such relief, and the exigency or propriety for the appointment of a receiver is made to appear.

2. To authorize the appointment of a receiver, the petitioner must show either a clear legal right in himself to the property in

controversy, or that he has some lien upon or property right in it, or that it constitutes a special. fund out of which he is entitled to satisfaction of his demand.

3. While the appointment of a receiver does not involve the determination of any right, or affect the title of either party in any manner whatever, an appointment of a receiver should be made only at the instance of those who have an acknowledged interest, or at least a probable right or interest, in or to the property, fund, or assets over which he seeks to have a receiver appointed; and where there is strong reason to believe that the party asking for a receiver will recover.

4. The cases in which receivers will be appointed are ordinarily limited to those in which it appears that the appointment is necessary either to prevent fraud, or to save the property from injury or threatened loss or destruction, which facts must be established to the satisfaction of the court.

5. While the appointment of a receiver in litigation is to a large extent within the sound judicial discretion of the chancellor, to be exercised or not according to the circumstances and exigencies of each particular case, yet there are certain well established rules that should be observed in exercising such discretion:
"1st.   That the power of appointment is a delicate one, and to be exercised with great circumspection.
"2nd.   That it must appear the claimant has a title to or lien upon the property, and the court must be satisfied by affidavit that a receiver is necessary to preserve the property.
"3rd.   That there is no case in which the court appoints a receiver merely because the measure can do no harm.
"4th.   That fraud or imminent danger, if the immediate possession should not be taken by the court, must be clearly proved.
"5th.   That unless the necessity be of the most stringent character, the court will not appoint until the defendant is first heard in response to the application."

6. Where it clearly appears that an order appointing a receiver was made without a sufficient predicate in the pleadings and in the proofs adduced at the hearing, such order will be reversed upon appropriate proceedings.

An Appeal from the Circuit Court for Franklin County, A. G. Campbell, Judge.

Orders reversed.

*W. J. Oven, George H. Williams* and *Blount & Blount & Carter,* for Appellants;

*Y. L. Watson,* and *W. C. Marshall,* for Appellees.

WHITFIELD, J.—The appeals herein are from an order appointing co-receivers for the Apalachicola Northern Railroad Company and the St. Joseph Land and Development Company, the appeals being made effective to supersede the order pending this review.

On a former appeal herein from an order sustaining a demurrer to the bill, it was held that the second amended bill of complaint stated an equity in favor of the complainants, appellees here. Sommers v. Apalachicola N. R. R. Co., 75 Fla. 159, 78 South. Rep. 25.

The answers and affidavits adduced by the defendant on the application for the appointment of receivers deny or explain or tend to controvert many of the material allegations of the bill of complaint upon which the asserted equity of the bill is predicated, and the complainants presented nothing by way of evidence, except the affidavit of one of the complainants appended to the bill of complaint averring "that the facts stated in the

foregoing bill as of his own knowledge are true, and so far as they are stated on information of belief, he verily believes them to be true."

Receivers *pendente lite* of property may at the instance of litigants be appointed by courts having jurisdiction in the premises, only when the movants for such appointments have a legal or equitable right to apply for such relief, and the exigency or propriety for the appointment of a receiver is made to appear.

To authorize the appointment of a receiver, the petitioner must show either a clear legal right in himself to the property in controversy, or that he has some lien upon or property right in it, or that it constitutes a special fund out of which he is entitled to satisfaction of his demand. While the appointment of a receiver does not involve the determination of any right, or affect the title of either party in any manner whatever, an appointment of a receiver should be made only at the instance of those who have an acknowledged interest, or at least a probable right or interest, in or to the property, fund, or assets over which he seeks to have a receiver appointed; and where there is strong reason to believe that the party asking for a receiver will recover. 23 R. C. L. Sec. 9, p. 15.

The cases in which receivers will be appointed are ordinarily limited to those in which it appears that the appointment is necessary either to prevent fraud, or to save the property from injury or threatened loss or destruction, which facts must be established to the satisfaction of the court. 23 R. C. L. Sec. 12, p. 18.

The appointment of a receiver is, as a general rule, discretionary, and not a matter of right. The court acts

only upon a proper case being made out for the exercise of its jurisdiction, according to well established principles. It is in that sense only that a receiver can be said to be *ex debito justitiae.* The action of the court must be governed by a sound and judicial discretion, taking into account all the circumstances of the case, exercised for the purpose of promoting the ends of justice and of protecting the rights of all parties interested in the controversy and subject matter, and based upon the fact that there is no other adequate remedy or means of accomplishing the desired objects of the judicial proceeding. Furthermore, this discretion is to be exercised with great caution and circumspection, after full consideration of the facts of the particular case and the interests of all parties concerned. The Appellate Court will not interfere unless a clear abuse of discretion is shown. 23 R. C. L. Sec. 4, p. 10.

While the appointment of a receiver in litigation is to a large extent within the sound judicial discretion of the chancellor, to be exercised or not according to the circumstances and exigencies of each particular case, yet there are certain well established rules that should be observed in exercising such discretion:

"1st. That the power of appointment is a delicate one, and to be exercised with great circumspection.

"2nd. That it must appear the claimant has a title to or lien upon the property, and the court must be satisfied by affidavit that a receiver is necessary to preserve the property.

"3rd. That there is no case in which the court appoints a receiver merely because the measure can do no harm.

"4th. That fraud or imminent danger, if the immediate possession should not be taken by the court, must be clearly proved.

"5th. That unless the necessity be of the most stringent character, the court will not appoint until the defendant is first heard in response to the application." Lehman v. Trust Co. of America, 57 Fla. 473, 49 South. Rep. 502.

Where it clearly appears that an order appointing a receiver was made without a sufficient predicate in the pleadings and in the proofs adduced at the hearing, such order will be reversed upon appropriate proceedings. Cunningham v. Tucker, 14 Fla. 251.

Without intending to intimate any opinion whatever as to the ultimate merits of the case that may be presented on final hearing, it appears on this appeal that an adequate showing is not made for the appointment of receivers.

If the proceeds derived from the operation of the railroad and from the sale or lease of the lands, are carried and kept beyond the jurisdiction of the courts of this State, it results from transactions in which the complainants participated personally or by proxy.

Under all the circumstances disclosed by the transcript, a right to have receivers appointed is not established under the principles of law and equity that should govern a chancellor's discretionary judgment in appointing receivers *pendente lite*.

The orders appealed from are reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.