THE FEDERAL LAND BANK OF COLUMBIA, a corporation, *Appellant*, vs. C. R. EVANS, et als., *Appellees*.

143 So. 403.

En Banc.

Opinion filed August 24, 1932.

Petition for rehearing denied October 3, 1932.

*James H. Finch*, for Appellant;

*H. L. Grace, John H. Carter* and *John H. Carter, Jr.*, for Appellees.

BUFORD, C. J.—In this case the appellee was mortgagor and the appellant was mortgagee. The mortgage embraced certain lands which were pledged as security for the payment of a loan. The mortgage contained the following clause:

"AND IT IS FURTHER COVENANTED. That, as further security for the payment of the note and all installments thereon, and for the performance of all the terms of said note and of all the conditions and covenants of this mortgage the said parties of the first part hereby assign, set over and transfer to the Federal Land Bank of Columbia, its successors or assigns, all the rents and income of said mortgaged premises for each and every year that any installment or installments of the said note may be unpaid, together with all rights and remedies for enforcing collection of the same; and that, in the event of a suit being instituted to foreclose this mortgage, the Federal Land Bank of Columbia, its successors or assigns, shall be entitled to apply at any time pending such foreclosure suit to the Court having jurisdiction thereof for the appointment of a receiver of, all

and singular, the mortgaged premises, and all rents, income, profits and revenues thereof, from whatsoever source derived; and thereupon it is expressly covenanted and agreed that such Court shall forthwith appoint a receiver of said mortgaged premises, all and singular, and of such rents, income, profits and revenues, with the usual powers and duties of receivers in like cases; that such appointment shall be made by such Court as a matter of strict right to The Federal Land Bank of Columbia, its successors or assigns, and without reference to the adequacy or inadequacy of the value of the property hereby mortgaged, or the solvency or insolvency of the said parties of the first part, and that such rents, income, profits and revenues shall be applied by the receiver according to law and the order and practice of such Court.''

The bill of complaint was filed on March 25, 1930. Final decree was entered on July 1, 1930, and Master was thereby appointed to make sale. Before the final decree was executed and on March 30th 1931, the complainant filed a supplemental bill to subject to his lien the rents which had accrued for the year 1930 in the sum of $300.00 and which had been paid by a tenant after the entry of the final decree at the request of the complainant to the Special Master, and prayed for the appointment of a Receiver to take over the mortgaged premises, together with the rents, revenues, income and profits and also all rents, income, revenues and profits due and unpaid thereon for the year 1930, and it further prayed that Receiver be authorized to rent and lease the mortgaged premises for the year 1931.

It appears that the execution of the foreclosure decree by the Special Master had been delayed pursuant to an agreement between the parties pending the termination of other litigation.

The defendant in the court below filed objection to the filing of the supplemental bill. Testimony appears to have been taken by the Court and thereafter an order was made

allowing the complainant to file a supplemental bill, but denying the appointment of Receiver, reserving, however, the right in the Court to appoint a Receiver at some future date in 1931, "if it should appear that the mortgaged lands can not or will not be sold and other proper grounds for such appointment appear." The order also required the master to pay over to the Defendant Evans the $300.00 rent paid over to the Master by the tenant for the year 1930.

The filing of supplemental bill was the proper course to pursue to enforce the rights sought. In Gracy vs. Fielding, 83 Fla. 388, 91 Sou. 373, this Court held:

"In a chancery cause where because of facts which developed after the suit was begun, certain relief is desirable but is not applicable either to the case made by the original bill or the facts in existence when the original bill was filed, a supplemental bill should be filed, after leave obtained, setting forth the facts occurring subsequently to the filing of the original bill upon which the certain relief is desired."

In this case the rents accrued after the filing of the original bill and the rents were paid into the hands of the master in chancery after the entry of the final decree. The complainant was entitled to enforce his lien against the rents under the terms of its mortgage.

Under the showing made, including the specific rights acquired under the mortgage, the complainant was, pending the delay in the execution of the decree, entitled to have a Receiver appointed for the purposes named and set forth in his supplemental bill. It is true that generally the appointment of a Receiver can serve no good purpose after the entry of a final decree ordering the sale of property under foreclosure and to collect money upon which the complainant has a lien and which had already been paid into court; but where it appears that to protect the interests of all parties the decree of sale under foreclosure is to be postponed until the termination of other litigation, which

may result in the postponent of the execution of the decree for a long period of time, as in this case, and where the terms of the mortgage being foreclosed specifically provide for the appointment of a Receiver by the Court, the complainant is entitled to the appointment of such Receiver pending the execution of the final decree, to the end that the rights of all parties may be protected and to avoid waste or depreciation in the security.

For the reason stated, the order and decree appealed from is reversed with directions that a decree now be entered not inconsistent with this opinion and consistent with the status of the case as it may appear of record in the Circuit Court at this time. It is so ordered.

Reversed, with directions.

WHITFIELD, ELLIS AND TERRELL, J.J., concur.

BROWN, J., dissents in part.

DAVIS, J., concurs specially.

BROWN, J., dissenting in part.—I hardly think the mortgagee was entitled to the rent paid before the appointment of a receiver. See Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241.

DAVIS, J., concurring.—The rent accrued after the filing of the original bill. It matured after the entry of the final decree. Upon appropriate supplemental pleadings, complainant's lien against this already collected rent could have been enforced without the appointment of a receiver. Therefore it was error for the Court to direct the rent paid to the mortgagor, Evans, after final decree and after it was sought to be reached by supplemental bill in the hands of the Court's special Master who held it subject to judicial disbursement.

The Court already had the money under its control in the hands of its special master to whom it had been paid by the tenant of the mortgagor. It was only necessary to adjudicate complainant's right to and order it credited on

the decree, after the master had collected it. Had the mortgagor collected it, I agree with Mr. Justice Brown that it would have been beyond complainant's reach, and not only through a receiver to collect future rents, could the lien on rents be made effective.