PER CURIAM.
As to appellee, Extrudawood, U.K., Ltd., we reverse the order dismissing the action for lack of jurisdiction and remand for an evidentiary hearing on the motion to dismiss. Because essential facts contained in the parties’ affidavits were in conflict, the court was required to conduct a limited evidentiary hearing to resolve the disputed facts. See, e.g., Washington Capital Corp. v. Milandco, Ltd., 695 So.2d 838, 841 (Fla. 4th DCA 1997). Extrudawood’s affidavit alleged that its representatives “never met with the Plaintiffs in the United States” and that the only contact the company had had with appellants in the United States was “certain correspondence and telephone calls to [appellants].” Appellants asserted that Extrudawood had “continuous contacts within the State of Florida from January of 1995 through February of 1996” which included the “preparation and execution of a Memorandum of Understanding which was executed in the State of Florida” and the establishment of two North American corporations with offices in Palm Beach County for the purposes of licensing, distributing and manufacturing Extrudawood.
As to appellee, Charles Lam, we affirm the order of dismissal.
Affirmed in part; reversed in part and remanded.
STONE, C.J., WARNER and GROSS, JJ., concur.