SUAREZ, J.
 

 The issues on appeal arise from a conflict between a father and his son — Silverio Gonzalez Plaza (father) and Silverio Antonio Gonzalez Plaza (son). Son and other defendants appeal from a non-final order appointing a receiver and enjoining son and other defendants from allegedly fraudulently disposing of money father claims is his. The funds at issue were transferred to Tecno-FL, a subsidiary corporation, incorporated in Florida and created to receive a refund from a failed transaction father brokered between the Venezuelan government and a Bosnian corporation. We have jurisdiction.
 
 See
 
 Fla. RApp. P. 9.130(a)(3)(B). We reverse and remand, as the trial court’s order does not list findings of fact necessary to meet the required elements for a preliminary injunction or receivership.
 

 Father created a Venezuelan company (Tecno-Venezuela) that brokered the sale of ammunition and equipment to the Venezuelan police and armed forces. While working for the company, father established business relationships with ML Marketing Company (“ML Marketing”), an American company with experience in the brokerage of ammunition, and with Igman International Limited (“Igman”), a Bosnian company in the business of manufacturing and selling ammunition. Acting as exclusive agent and representative of Igman and ML Marketing, father entered into a commercial contract for the purchase and sale of ammunition with the Ministry of Defense of Venezuela. Under the contract, Tecno-Venezuela (father’s Venezuelan company) agreed to manufacture, through Igman, and deliver ammunition to the Venezuelan government in return for $7,249,989.90. Father subsequently was arrested by the Venezuelan Government and convicted of fraud and sentenced to a five-year prison term. Father, apparently while in prison, negotiated a partial refund from the Bosnian company.
 
 [1]
 
 A subsidiary of Tecno-Vene-zuela called Tecno-FL was formed in Florida for the purpose of receiving the refund, and Igman transferred $5,000,000 to a Tecno-FL Florida bank account. Son and others allegedly withdrew the funds and used them for their own bene
 
 *6
 
 fit. Father, now residing in Florida, Tec-no-FL, and other plaintiffs, sued to account for the money, which allegedly had been stolen by the son. The complaint against son and other defendants included counts for violations of the RICO Act; civil theft; conversion and conspiracy to convert; breach of fiduciary duty; fraud and deceit; conspiracy to defraud; accounting; constructive trust, equitable lien, and a temporary injunction.
 

 Father moved to enjoin son from disposing of the funds transferred to Tecno-FL and to appoint a receiver to control those funds. The trial court granted father’s motion and this non-final appeal followed.
 
 [2]
 

 For the issuance of a temporary injunction, a party must establish all four of the following elements: (1) a likelihood of irreparable harm and the unavailability of an adequate remedy at law; (2) a substantial likelihood of success on the merits; (3) the threatened injury to the petitioner outweighs any possible harm to the respondent; and (4) the granting of a temporary injunction will not disserve the public interest.
 
 See Cordis Corp. v. Prooslin,
 
 482 So.2d 486 (Fla. 3d DCA 1986).
 

 The trial court’s order on appeal granting the injunction restricts the disbursement of money from the account. However, the order does not make any finding of a special showing of irreparable harm apart from the alleged past loss of monetary assets. An injunction is inappropriate even when sought under the RICO Act when there is no special showing of future immediate danger or loss other than past loss of monetary assets.
 
 See United Auto. Ins. Co. v. Sanar Clinical Rehab Ctr., Inc.,
 
 766 So.2d 356 (Fla. 3d DCA 2000). Both the record and the order are void of any showing or finding of irreparable harm other than the loss of money. Accordingly, the order granting the injunction must be reversed.
 

 Additionally, the order does not support the appointment of a receiver. Appointing a receiver is a rare and extraordinary remedy.
 
 Barnett Bank, N.A. v. Steinberg,
 
 632 So.2d 233 (Fla. 1st DCA 1994). The appointment of a receiver is within the discretion of the trial court; it is an abuse of discretion to appoint a receiver in the absence of a showing that property is subject to a serious loss.
 
 Alafaya Square Ass’n v. Great W. Bank,
 
 700 So.2d 38 (Fla. 5th DCA 1997). “To authorize the appointment of a receiver, the petitioner must show clear legal right ... to the property in controversy, or that he has some lien upon or property right in it, or that it constitutes a special fund of which he is entitled to satisfaction of his demand.”
 
 Apalachicola N.R. Co. v. Sommers,
 
 79 Fla. 816, 85 So. 361, 361 (1920). Neither the record demonstrates nor the order makes a finding as required by case law of any risk of loss, clear legal right to property or a special fund creating irreparable harm to father other than an alleged past loss of monetary assets. As such, the appointment of the receiver must also be reversed.
 
 Apalachicola,
 
 85 So. at 361.
 

 Reversed and remanded for further proceedings.
 

 [1]
 

 . The reason for father’s arrest and imprisonment by the Venezuelan Government arises out of the transaction for the sale of arms but the details are not relevant to the issues presented.
 

 [2]
 

 . Son first filed a notice of appeal, and this Court later granted son’s motion to relinquish jurisdiction so that the trial court could rule on son's motion below to dissolve the receivership and vacate the injunction. The trial court, however, deferred ruling on the matter.