WALLACE, Judge.
U.S. Bank National Association, as Trustee (U.S.Bank), appeals an order denying its second amended motion for the *1022 appointment of a receiver for a former gas station property on which it had already obtained a final judgment of foreclosure. Because the foreclosure sale was necessarily deferred pending the survey and remediation of environmental problems affecting the property, the circuit court abused its discretion in denying U.S. Bank’s motion for the appointment of a receiver.
I. THE FACTUAL AND PROCEDURAL BACKGROUND
On or about August 10, 2006, U.S. Bank’s predecessor in interest loaned Terence B. Cramer and Nancy H. Cramer the sum of $937,500. As security for the debt, the Cramers executed a mortgage on real property that was formerly the site of a gas station. At the time of the proceedings in the circuit court, the operations on the property included an automotive repair shop, an automotive sales business, and a car wash. Notably, the mortgage provided that upon a default by the Cramers, “the court shall forthwith appoint such receiver ... as a matter of strict right to Lender and without notice to [the Cram-ers] and without reference to the adequacy or inadequacy of the value of the Property.”
The loan went into default in 2008. U.S. Bank filed its action for' foreclosure in December 2009. On August 25, 2010, the circuit court entered a final judgment of foreclosure in favor of U.S. Bank. Under the final judgment, the amount due to U.S. Bank as of August 25, 2010, was $1,269,949.66.
After the entry of the final judgment, the foreclosure sale was cancelled. U.S. Bank moved for the appointment of a receiver of the property. U.S. Bank asserted four grounds in support of its motion: (1) the mortgage provided that U.S. Bank was entitled to the appointment of a receiver upon a default; (2) the Cramers had failed to pay real estate taxes and obtain insurance on the mortgaged property for five years; (3) the existing environmental problems amounted to physical waste of the property; and (4) the Cramers had repeatedly violated an existing rents order. In response, the Cramers argued that the appointment of a receiver was unnecessary because the circuit court had already entered a foreclosure judgment; therefore, U.S. Bank could proceed to foreclosure, take ownership and possession, and proceed with its plans for the property.
The circuit court conducted three separate hearings on the motion for appointment of a receiver. At the conclusion of the third hearing, the circuit court did not rule on the motion. Instead, the circuit court asked the parties to submit legal memoranda directed to the issue of whether the circuit court had the authority to appoint a receiver after the entry of final judgment. U.S. Bank timely submitted the requested memorandum to the court; the Cramers did not. After U.S. Bank submitted its memorandum, the circuit court entered a written order denying the motion. The circuit court’s order did not explain the basis for its ruling. This appeal followed.
II. THE STANDARD OF REVIEW
We review an order granting or denying a motion for the appointment of a receiver for abuse of discretion. Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241, 247 (1930); Puma Enters. Corp. v. Vitale, 566 So.2d 1343, 1344 (Fla. 3d DCA 1990); Colley v. First Fed. Sav. & Loan Ass’n. of Panama City, 516 So.2d 344, 345 (Fla. 1st DCA 1987). In this case, two factors make our task of appellate review more difficult. First, the circuit court failed to explain in its order the rationale for its decision to deny U.S. Bank’s motion. Second, the Cramers have not favored this court with a brief in support of the order under review.
*1023 III. THE APPLICABLE LAW
“A receiver is typically appointed in foreclosure proceedings to preserve the status quo, preserve the property, and collect and apply rents and profits to the payment of the mortgage.” DeSilva v. First Cmty. Bank of Am., 42 So.3d 285, 290 (Fla. 2d DCA 2010); see also Baumgartner, 128 So. at 248 (observing same). “The appointment of a receiver ... should be approached with caution and circumspection.” DeSilva, 42 So.3d at 288 (alteration in original) (quoting Edenfield v. Crisp, 186 So.2d 545, 548 (Fla. 2d DCA 1966)). A cautious approach to the appointment of a receiver is appropriate because such an appointment “is in derogation of the fundamental right of the legal owner to possession of the property.” Twinjay Chambers P’ship. v. Suarez, 556 So.2d 781, 781 (Fla. 2d DCA 1990); see also Plaza v. Plaza, 78 So.3d 4, 6 (Fla. 3d DCA 2011) (“Appointing a receiver is a rare and extraordinary remedy.”); Warshall v. Price, 617 So.2d 751, 752 (Fla. 4th DCA 1993) (“Before ... trial[,] ... a motion for the appointment of a receiver of the property of the defendant is a drastic matter constituting a taking of property and requires a showing of exigent circumstances.”); Electro Meek Prods., Inc. v. Borona, 324 So.2d 638, 639 (Fla. 3d DCA 1976) (“The appointment of a receiver is a drastic matter in that it constitutes a taking of property and, therefore, should not be used by the courts except in cases of necessity.”). Thus, to be entitled to the appointment of a receiver, the movant must show “that [the] property is subject to a serious loss,” and that the movant has a “clear legal right ... to the property.” Plaza, 78 So.3d at 6 (alteration in original) (quoting Apalachicola N.R. Co. v. Sommers, 79 Fla. 816, 85 So. 361, 361 (1920)).
However, after the entry of a final judgment, the considerations dictating a cautious approach to the appointment of a receiver may carry less weight.
The reasons for arguing against a receiver have disappeared. After all, the judgment creditor can now simply send the sheriff out to the judgment debtor’s business with the unsatisfied writ of execution and levy against all property of the judgment debtor in sight and, thereby, effectively put the debtor out of business. In this circumstance, where the judgment creditor elects the less drastic remedy of a receiver' to take charge of the debtor’s accounts receivable, the debtor can hardly be heard to argue that the receiver is more harsh than the levy.
War shall, 617 So.2d at 752.
After the entry of a final judgment, the requirement that the movant establish some legal right in the property is satisfied, as in this case, by virtue of the final judgment. In addition, under Florida law, as U.S. Bank argued in its memorandum submitted to the circuit court, a court has the authority to appoint a receiver postjudgment. See Warshall, 617 So.2d at 752; see also Fed. Land Bank of Columbia v. Evans, 106 Fla. 560, .143 So. 403, 404 (1932) (recognizing that in certain circumstances, a receiver may be appointed after the entry of a final judgment of foreclosure); Carr v. Marion Mortg. Co., 99 Fla. 540, 128 So. 12, 14 (1930) (noting same).
It is true that generally the appointment of a receiver can serve no good purpose after the entry of a final decree ordering the sale of property under foreclosure and to collect money upon which the complainant has a lien and which had already been paid into court; but, where it appears that to protect the interests of all parties the decree of sale under foreclosure is to be postponed until the termination of other litigation, which may result in the postponement of the execution of the decree for a long period of time, as in this case, and where the *1024 terms of the mortgage being foreclosed specifically provide for the appointment of a receiver by the court, the complainant is entitled to the appointment of such receiver pending the execution of the final decree, to the end .that the rights of all parties may be protected and to avoid waste or depreciation in the security.
Evans, 143 So. at 404 (emphasis added); see also Carr, 128 So. at. 14 (“A receiver may be appointed after judicial sale[] when such appointment is necessary to protect the interests and preserve the rights of the parties to the action.”). Therefore, although there must still be some need to protect the property from waste or depreciation before a receiver may be appointed postjudgment, the concern about effecting a taking of the owner’s property before the entry of judgment is eliminated or lessened by the entry of the judgment.
IV. DISCUSSION
On the facts of this case, the grounds asserted by U.S. Bank for the appointment of a receiver based on the nonpayment of taxes and insurance and the alleged violations of the rents order were arguably insufficient. We cannot say that the circuit court abused its discretion in declining to appoint a receiver for these reasons. However, we conclude that the circuit court abused its discretion in denying U.S. Bank’s motion because (1) the mortgage expressly provided for the appointment of a receiver in the event of a default and (2) U.S. Bank established that it had been unable to sell the property in a timely manner because of the existing environmental contamination on the property-
At the third hearing on the motion for appointment of a receiver, U.S. Bank argued that there was physical waste on the property in the form of environmental damage resulting from the garage activities conducted on the site. U.S. Bank argued further that it had been unable to obtain environmental remediation reports, which had to be dated within a certain period before it took possession of the property. For these reasons, U.S. Bank was unable to proceed immediately to have the property sold and possibly take title to it. Obviously, U.S. Bank’s concerns about avoiding exposure to liability for environmental damage on the property in question — a former gas station — were well grounded in law and in fact. See generally Manuel Kushner & Kelly O’Keefe, Commercial Mortgages, in Florida Real Property Litigation, §§ 5.88-.90, at 5-B-7 to 5-B-15 (Fla. Bar CLE, 6th ed. 2011) (discussing the circumstances under which liability for the cleanup of environmental conditions on the property may attach to a lender or foreclosing party); Roger D. Schwenke, Environmental Issues in a Real Estate Transaction, in Florida Real Property Complex Transactions, §§ 12.14-.17, 12-40 to 12-54 (Fla. Bar CLE, 6th ed. 2011) (same).
U.S. Bank supported its arguments with an affidavit from Jeremy Mullins, “a Special Assets Specialist with Aurora Bank FSB f/k/a Lehman Brothers Bank, FSB, Special Servicer for the Plaintiff in this action and Plaintiffs authorized representative.” In his affidavit, Mr. Mullins stated: *1025 Mr. Mullins stated further that U.S. Bank was prohibited from proceeding to a foreclosure sale because the property had not received the requisite environmental clearance. Mr. Mullins explained that when U.S. Bank performed tests on the property, its “environmental consultants noted the presence of numerous hazardous and regulated wastes on the Mortgaged Property, which need to be removed and reme-diated prior to any foreclosure sale.” Specifically, Mr. Mullins stated that U.S. Bank’s “consultants discovered petroleum stains present throughout the garage bays, in-ground hydraulic lifts, and heavy petroleum residue that needs to be tested and likely removed.” Significantly, Mr. Mullins concluded that “[t]he Mortgaged Property will not obtain environmental clearance until a Receiver is appointed and remediates the environmental issues preventing such clearance.”
*1024 The Loan at issue is part of a securi-tized trust, and all dealings relating to the servicing of the Loan are governed by the terms of the operative Pooling and Servicing Agreement. Plaintiff, as the Trustee for the Loan, has an obligation to the investors and bondholders to administer the Loan in accordance with the Pooling and Servicing Agreement. As part of its duties and obligations, Plaintiff is not permitted to proceed to foreclosure sale unless and until the Mortgaged Property receives environmental clearance.
*1025 We conclude that U.S. Bank established a prima facie case through the affidavit of Mr. Mullins demonstrating the need for the appointment of a receiver to complete the necessary environmental studies and any required remediation before it could proceed to a foreclosure sale. After the movant establishes a prima facie case for the appointment of a receiver, the burden of proof shifts to the party opposing the appointment. Howley v. Sage Shopping Plaza Corp., 336 So.2d 691, 692 (Fla. 4th DCA 1976). The Cramers did not dispute Mr. Mullins’ statements of fact or his conclusions. Moreover, they did not object to the use of the affidavit on the ground of the unavailability of Mr. Mullins for cross-examination. Instead, the Cramers merely argued that U.S. Bank had its final judgment of foreclosure and it should proceed to sell the property and take possession of it. The Cramers’ argument ignored the undisputed facts — hazardous and regulated wastes contaminated the property and someone had to address the environmental problems before the property could be sold.
The circumstances in this case are similar to those in Evans. In that case, the parties had agreed to postpone the foreclosure sale pending the termination of other litigation. 143 So. at 404. In this case, as in Evans, the necessity to postpone the foreclosure sale for a significant period of time and the inclusion in the mortgage of a provision for the appointment of a receiver are substantial considerations supporting the appointment of a receiver. In this case, two other factors support U.S. Bank’s position. First, the Cramers offered only token opposition to the appointment of a receiver. The Cramers’ arguments did nothing to undermine U.S. Bank’s compelling presentation in support of its motion. Second, the circuit court did not articulate a rationale in support of the order under review. In light of the somewhat unusual circumstances of this case, we are unable to determine whether the circuit court exercised a reasoned discretion in deciding to deny U.S. Bank’s motion for the appointment of a receiver.
V. CONCLUSION
For the foregoing reasons, we conclude that the circuit court abused its discretion in denying U.S. Bank’s motion for the appointment of a receiver. We reverse the order under review, and we remand for the entry of an order appointing a receiver. The circuit court should specify in its order the powers to be granted to the receiver. See MB Plaza, LLC v. Wells Fargo Bank, N.A., 72 So.3d 205, 207-08 (Fla. 2d DCA 2011).
Reversed and remanded with directions.
VILLANTI and BLACK, JJ., Concur.