# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

ZAHAV REFI LLC; ZAHAV FLORIDA, LLC;
ZAHAV REFI LL LLC; SP POOL 7 ZAHAV FL LLC;
BOG TWELVE ZAHAV FL LLC; and
POOL7 ZAHAV FLORIDA, LLC,

Appellants,

v.

WHITE HAWK ASSET MANAGEMENT, INC.,

Appellee.

No. 2D23-675

_____

December 27, 2023

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for
Hillsborough County; Melissa M. Polo, Judge.

Dwayne A. Robinson and Eric S. Kay of Kozyak Tropin & Throckmorton
LLP, Miami, for Appellants.

Matthew D. Wolf of Ivanov & Wolf, PLLC, Tampa, for Appellee.


SMITH, Judge.

Appellants (collectively Zahav) appeal the trial court's order
appointing a receiver over commercial properties pursuant to chapter
714, Florida Statutes (2022), the Uniform Commercial Real Estate
Receivership Act (UCRERA). Because the trial court failed to conduct an

evidentiary hearing to determine whether there was a need for the receivership under subsections 714.06(1)(b) or (c), we reverse and remand with instructions.

**I.**

In March 2021, White Hawk entered into a contract to purchase twenty-three residential properties from Zahav for $3.26 million. Delivery of those properties was to occur sixty days from the date of the contract. When that delivery did not occur, White Hawk filed an amended petition for judicial relief to compel mandatory, binding arbitration for breach and specific performance of the contract. The trial court granted the petition and ordered the parties to binding arbitration. White Hawk prevailed in its claims for specific performance of the contract in the arbitration proceedings pursuant to the May 13, 2022, final award of arbitrator.

In August 2022, White Hawk filed a motion for confirmation of the Final Award of Arbitrator. That motion was granted, and the trial court entered a final judgment confirming the arbitrator's award and directing the parties to close the sale "expeditiously." Thereafter, Zahav appealed the final judgment, and in turn, White Hawk filed with the trial court a motion seeking the appointment of a receiver to manage the subject properties.

In the motion, White Hawk sought receivership over the properties pursuant to UCRERA, Florida common law, and "other relevant statutes." Specifically, the motion stated that the receivership was required "in order to preserve nonexempt property pending appeal or for equitable ground [sic]. Fla. Stat. [§]714.061(1)(b) and (c)." White Hawk argued that a receivership was necessary to preserve the subject properties due to (1) protracted litigation as a result of the notice of

2

appeal filed by Zahav and (2) mismanagement, waste, or foreclosure of the subject properties, which were operating at a loss as of January 13, 2022, referencing a prior evidentiary hearing in which White Hawk successfully sought a $3,550,000 bond in the trial court during the pendency of the arbitration. Alternatively, White Hawk contended that to the extent the subject properties were profitable, there was a need for a neutral third party to collect the rents. No affidavits or other exhibits were attached or filed contemporaneously with the motion, and Zahav was quick to note this in its response to the motion for appointment of receiver. In addition to noting that the drastic relief of a receiver should not be granted, Zahav alleged further deficiencies—"[White Hawk] offers this Court no guidance on how a receivership would be administered . . . does not identify a receiver, how it would be paid, or how this Court would monitor the receivership."

The hearing on the motion for appointment of receiver was held on February 20, 2023, pursuant to a standard notice of hearing via Zoom, and was set for fifteen minutes. There was no indication in the notice of hearing that it was set as an evidentiary hearing. On the morning of the hearing, White Hawk filed approximately thirty pages of documents, including a notice of special set hearing that had occurred on January 13, 2022, along with correspondence and financial documents that had been exchanged between Zahav's and White Hawk's counsel. The documents, which were admitted into evidence at that hearing, included loan history, rent roll, and income statement records.

At the February 20, 2023, hearing, Zahav objected to the appointment of a receiver and, relevant here, argued that the trial court could not appoint a receiver without some evidence to support the appointment, which could not fairly include the belatedly filed

3

documents, and without the hearing being properly noticed as an evidentiary hearing.  As to the merits of the receivership, Zahav disputed the facts argued by White Hawk that the properties were currently operating at a loss based upon the evidence received by the trial court at the January 13, 2022, hearing, which had occurred more than a year before the February 2023 hearing on the motion to appoint receiver.  White Hawk seemed to concede at the receivership hearing that even if those documents established that the properties were being operated at a loss then, they did not know if that was still the case as of the hearing on the motion for appointment of receiver.  After hearing argument, the trial court ruled, "The motion's granted.  I will appoint a receiver to maintain this property and to collect the rent."

On March 28, 2023, the trial court entered its order granting motion for appointment of receiver.[1]  The trial court made a finding that "the subject 23 parcels of rental real property . . . are being subject to or are in danger of waste, loss, substantial diminution in value, dissipation, or impairment."  The order appointed the firm John Burpee & Associates as receiver and required the receiver to "file a statement under penalty of perjury that the appointed Receiver is not disqualified and post a $10,000.00 bond."  The order granted the receiver the authority to collect the rent and maintain the property and enumerated other duties

---

[1] Prior to the entry of the order, on March 24, 2023, the trial court's judicial assistant sent White Hawk's counsel an email stating that the proposed order had not named a receiver.  Counsel for White Hawk responded on March 28, 2023, naming John Burpee & Associates as the receiver.  Minutes later, counsel for Zahav sent an email to White Hawk and the judicial assistant objecting to the appointment of a receiver without "any vetting, or any evidentiary hearing."  The order was entered without further hearing.

4

consistent therewith.  The order also required Zahav to pay the receiver's fees and expenses pursuant to section 714.15.  This appeal followed.

## II.

"The appointment of a receiver is not a matter of right, but is one resting in the sound discretion of the court, to be exercised or withheld, according to the circumstances and facts of each particular case." *Recarey v. Rader*, 320 So. 2d 28, 29-30 (Fla. 3d DCA 1975); *see also Yarborough v. Kilbee*, 307 So. 2d 223, 229 (Fla. 4th DCA 1975) ("There is authority for the appointment of a receiver even in the case of a superseded judgment where it is necessary for the preservation of property pending appeal.").  "The power to appoint a receiver is always one that is inherent in a Court of equity . . . ."  *Edenfield v. Crisp*, 186 So. 2d 545, 549 (Fla. 2d DCA 1966) (citing *Armour Fertilizer Works v. First Nat'l Bank*, 100 So. 362 (Fla. 1924)).  "[A]fter the entry of a final judgment, the considerations dictating a cautious approach to the appointment of a receiver may carry less weight."  *U.S. Bank Nat'l Ass'n v. Cramer*, 113 So. 3d 1020, 1023 (Fla. 2d DCA 2013).  Accordingly, "[w]e review an order granting or denying a motion for the appointment of a receiver for abuse of discretion."  *Id.* at 1022.

## III.

UCRERA was enacted by the Florida Legislature effective July 1, 2020, and provides, from soup to nuts, the necessary steps for obtaining a receivership over commercial real estate from the inception of the filing of a motion for receivership to the termination of the receivership.  Ch. 2020-106, Laws of Fla.  Our research has found only one case citing to UCRERA since its enactment, but that case has no application here.  *See Berk-Fialkoff v. Wilmington Tr., N.A.*, 358 So. 3d 472, 475-76 (Fla. 5th DCA 2023) (discussing the requirements of an injunction in a

receivership under subsections 714.14(2)-(3)).  However, our general review of UCRERA reveals that the Act is a codification of Florida's substantive common law on receiverships.[2]

We begin by reviewing the pertinent statutory provisions.  Section 714.03(1) imposes the requirements of notice and opportunity, stating that except as otherwise provided in the statute "the court may issue an order under this chapter <u>only</u> after notice and opportunity for a hearing appropriate under the circumstances."  (Emphasis added.)[3]  The trial court's discretion to appoint a receiver is set forth under section 714.06(1).  Section 714.06(1)(a) deals with the appointment of a receiver <u>before</u> judgment, while section 714.06(1)(b) addresses the appointment of a receiver <u>after</u> judgment—relevant here.  White Hawk also sought the appointment of a receiver in its motion based upon equitable grounds under section 714.06(1)(c), subject to the applicable factors of subsection (b) for postjudgment proceedings.

Subsections 714.06(1)(b)-(c) provide in pertinent part:

(1)   The court may appoint a receiver:

. . . .

    (b)   After judgment:

---

[2] Prior to the enactment of UCRERA, "the substantive and procedural aspects of receiverships in Florida were governed by a combination of decisional law and reference to Fla. R. Civ. P. 1.610 and 1.620."  *See* Kendall Coffey and David Freedman, *Florida's New Commercial Real Estate Receivership Act: A Roadmap for Judges and Practitioners*, Fla. Bar Journal, Jan./Feb. 2022, at 18.  Both sides have cited to this article in their briefs.

[3] Despite Zahav's contentions to the contrary, Zahav was properly noticed that White Hawk sought a receivership pursuant to section 714.06(1)(b) and (c), as the statute was specifically noted in the Motion for Appointment of Receiver referenced on the Notice of Hearing Via Zoom.

1. To carry the judgment into effect; or

2. To preserve nonexempt real property pending appeal or when an execution has been returned unsatisfied and the owner refuses to apply the property in satisfaction of the judgment;

(c) In an action in which a receiver for real property may be appointed on equitable grounds, subject to the requirements of paragraphs (a) and (b).

The threshold issue we must decide here is whether the trial court was required to hold an evidentiary hearing before appointing the receiver.

Zahav cites a litany of cases in favor of holding an evidentiary hearing that stand for the proposition that a trial court cannot appoint a receiver without hearing some evidence, either in the form of testimony, affidavits, or some other sworn pleading. *See Lakeview Townhomes of Cal. Club, Inc. v. Coral Gables Fed. Sav. & Loan Ass'n*, 656 So. 2d 240, 240 (Fla. 3d DCA 1995) ("We reverse, as the order was entered 'without testimony, sworn pleadings or an affidavit demonstrating a show of "waste" which impairs the equity of security.' " (quoting *Boyd v. Banc One Mortg. Corp.*, 509 So. 2d 966, 967 (Fla. 3d DCA 1987))); *Chromy v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 546 So. 2d 1172, 1173 (Fla. 3d DCA 1989) (reversing an order appointing receiver where, "[a]fter a hearing on the motion at which the court received no testimony or affidavit from [the movant], the trial court appointed a receiver"); *M.R.D. Props., Ltd. v. Shangri-La Resorts II, Inc.*, 546 So. 2d 35, 36 (Fla. 3d DCA 1989) ("We reverse the order under review because no sworn proof was ever adduced below in support of the . . . motion for the appointment of a receiver."); *Shops of Sunset, Ltd. v. Cohen*, 551 So. 2d 1272, 1273 (Fla. 3d DCA 1989) ("We hold the trial court erred in appointing a receiver without testimony, sworn pleadings or affidavits submitted in support of

7

appellees' motion."); *Polycoat Corp. v. City Nat'l Bank of Mia.*, 327 So. 2d 126, 127 (Fla. 4th DCA 1976) (reversing an order appointing receiver in part because "no testimony was taken supporting the appointment of a receiver"). While these cases are resourceful, they fall in the category of receiverships entered "before judgment," which is not the case before us.[4] *See* § 714.06(1)(a).

Not surprisingly, White Hawk responds that Zahav's cases predate UCRERA and thus have no application here. Instead, White Hawk directs our attention to the text of the statute and argues that neither subsection 714.06(1)(b) nor (c) require that the trial court hold an evidentiary hearing, much less rely upon any competent evidence to support the appointment of a receiver. In other words, White Hawk argues that a movant seeking the appointment of a receiver need only make conclusory allegations consistent with subsection (1)(b) or (c) in order to prevail on a motion for appointment of receiver. Other than relying upon the statutory language, White Hawk cites no other legal authority for this proposition.

---

[4] In fact, the majority of receivership cases fall in the "before judgment" category. The "after judgment" receivership cases are more commonly found under section 56.29, Florida Statutes, in proceedings supplementary to satisfy a judgment debt. *See 212 W. 18 LLC v. Kozel,* 320 So. 3d 849, 850 (Fla. 2d DCA 2023) ("[W]hen a plaintiff has an unsatisfied judgment, proceedings supplementary provide the plaintiff with an alternate avenue to collect assets owned by the defendant that are in the possession of nonparties."); *Biel Reo, LLC v. Barefoot Cottages Dev. Co.,* 156 So. 3d 506, 509 (Fla. 1st DCA 2014) ("Courts have broad powers in proceedings supplementary over personal property transferred to a third party by a debtor."). Receiverships have long played a role in fashioning relief for judgment creditors. *Warshall v. Price,* 617 So. 2d 751, 752 (Fla. 4th DCA 1993) (Stone, J., concurring specially) (citing *Pusey & Jones Co. v. Hanssen,* 261 U.S. 491 (1923)).

White Hawk argues that we should strictly follow the text of the statute, which we do not take issue with, and that the trial court properly applied all elements of UCRERA when it entered the order granting motion for appointment of receiver.  However, the order belies that the trial court properly applied UCRERA.  The trial court entered the order granting motion for appointment of receiver prepared by White Hawk, which recited the standard described not in subsection (1)(b) or (c) but instead subsection (1)(a), which applies to the appointment of a receiver "before judgment"—if a party demonstrates an interest in the subject property and establishes that the property is at risk of "waste, loss, substantial diminution in value, dissipation, or impairment" or "[h]as been or is about to be the subject of a voidable transaction." Therefore, the order prepared by White Hawk and issued by the trial court did not appoint a receiver under the constraints of subsections (1)(b) or (c) as requested by White Hawk in its motion.

## IV.

Turning to the language of the statute, unlike the "before judgment" subsection in (1)(a), the "after judgment" subsection (1)(b) does not provide a list of potential harms that must exist to justify preservation of the property.  This makes sense given that "the concern about effecting a taking of the owner's property before the entry of judgment is eliminated or lessened by the entry of the judgment."  *Cramer*, 113 So. 3d at 1024. But even with this lessened concern, "there must still be some need to protect the property from waste or depreciation before a receiver may be appointed postjudgment."  *Id.*

Zahav argues that we are bound by our precedent to follow *Cramer*, which requires a showing of need pursuant to a burden-shifting framework, notwithstanding that it predates UCRERA, and we agree.

9

In *Cramer*, U.S. Bank foreclosed its mortgage against real property Cramer was operating as an automotive repair shop, automotive sales business, and car wash and prevailed in obtaining a final judgment against Cramer. 113 So. 3d at 1022. U.S. Bank canceled the foreclosure sale and moved for the appointment of a receiver, arguing among other things that a receiver was necessary to remediate the environmental issues before proceeding to a foreclosure sale. *Id.* at 1025. In holding that U.S. Bank had a "compelling presentation" in support of its motion, we reversed the trial court's order denying the receivership:

> We conclude that U.S. Bank established a prima facie case through [an affidavit] demonstrating the need for the appointment of a receiver to complete the necessary environmental studies and any required remediation before it could proceed to a foreclosure sale. <u>After the movant establishes a prima facie case for the appointment of a receiver, the burden of proof shifts to the party opposing the appointment.</u>

*Id.* (emphasis added) (citing *Howley v. Sage Shopping Plaza Corp.*, 336 So. 2d 691, 692 (Fla. 4th DCA 1976)).

Since the close of the briefing in this case, our sister court in *Storey Mountain, LLC v. Freestone Enterprise, LLC*, 368 So. 3d 473 (Fla. 1st DCA 2023), addressed a motion for receivership "after judgment" in a commercial dispute, albeit not sought under UCRERA. Quoting *Cramer* with approval, the court held that "the considerations dictating a cautious approach to the appointment of a receiver may carry less weight after the entry of final judgment, <u>but nevertheless, "there must still be some need to protect the property" before the court can appoint a receiver in equity.</u> *Id.* at 474 (emphasis added) (quoting *Cramer*, 113 So. 3d at 1023-24).

While the text of the statute does not explicitly state that the trial court must hold an evidentiary hearing, the only way that a <u>need</u> for a

10

receivership can be established is by way of stipulation by the parties or a prima facie showing of some competent evidence. And where the facts are in dispute, as was clearly the case here, it is incumbent upon the trial court to conduct an evidentiary hearing applying the burden-shifting framework of *Cramer* in order to determine first whether the moving party has established a prima facie case of need for a receivership. *See, e.g.*, *Hansen v. Cooper*, 733 So. 2d 1144, 1144 (Fla. 4th DCA 1999) ("Because essential facts . . . were in conflict, the court was required to conduct a limited evidentiary hearing to resolve the disputed facts."); *Parrish & Yarnell, P.A. v. Spruce River Ventures, LLC*, 180 So. 3d 1198, 1200-01 (Fla. 2d DCA 2015) (holding, where a motion to strike presented "a bona fide issue of fact" and the determination of the motion "turn[ed] on several factual questions," the court erred by not conducting an evidentiary hearing). Indeed, White Hawk was obviously concerned that the trial court would not appoint a receiver without some showing of need—as demonstrated by the late filing of documents on the morning of the hearing.

Because the facts, as argued by the parties' counsel, were in dispute as to whether there was a need for a receivership to "carry the judgment into effect" or "preserve nonexempt real property pending appeal," the trial court abused its discretion in granting the motion for appointment of receiver without conducting an evidentiary hearing and making the requisite findings. *See* § 714.06(1)(b)-(c). Moreover, the trial court erred in appointing a receiver pursuant to section 714.06(1)(a)— pertaining to "before judgment" cases. Because we are remanding for the trial court to conduct an evidentiary hearing, nothing herein shall be construed as commenting on the sufficiency of the documents filed by

11

White Hawk or the merits of White Hawk's motion for appointment of receiver.

## V.

Accordingly, we reverse and remand for the trial court to hold an evidentiary hearing under *Cramer* and consistent with UCRERA on the motion for appointment of receiver.

Reversed and remanded.

VILLANTI and KHOUZAM, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.