DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

CONCORDIA VENTURES, LLC, as trustee of
CVLR1 Trust UAD January 14, 2013,

Appellant,

v.

ARCPE 1, LLC,

Appellee.

No. 2D2023-2395
_____

August 7, 2024

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for
Manatee County; Edward Nicholas, Judge.

Steele T. Williams of Steele T. Williams, P.A., Sarasota, for Appellant.

Damian Waldman and Farha Ahmed of Law Offices of Damian G.
Waldman, P.A., Largo, for Appellee.

LABRIT, Judge.

Concordia Ventures, LLC, appeals a nonfinal order appointing a
receiver in a mortgage foreclosure action. We reverse the order because
the movant ARCPE 1, LLC, made no showing that the mortgaged
property was at risk such that a receiver was necessary to preserve it.

**Background**

The property is a single-family home in Bradenton. In 2015, the
mortgage holder filed a foreclosure complaint against the homeowners
alleging that they defaulted on the mortgage. The complaint also named

Concordia as a defendant, alleging that Concordia was now the owner of the property. Evidence of Concordia's acquisition of the property is not in the record, but the parties' arguments show that Concordia purchased it at a homeowners' association (HOA) foreclosure sale after the HOA separately foreclosed on the homeowners for unpaid assessments. Concordia then answered the mortgage holder's complaint in 2016 as the property owner. And in 2022, ARCPE moved to substitute in as the plaintiff in the proceedings, alleging that it acquired the note and mortgage through a series of transfers.

Before ARCPE's substitution, a predecessor plaintiff filed a motion to appoint a receiver alleging that Concordia was renting and generating income from the property. The motion asked the trial court to appoint a receiver to collect the rents pursuant to a provision in the mortgage that provided for such relief. After its substitution as plaintiff, ARCPE acknowledged that there was no such provision in the mortgage. But it argued that a receiver was still warranted because, in ARCPE's view, it was inequitable for Concordia—a commercial entity that acquired the property subject to a standard residential mortgage with no receivership or assignment of rents provision—to collect rents while the mortgage remained in default, and while Concordia allegedly was not paying the property taxes and HOA assessments. ARCPE argued that it was paying these expenses instead, but it presented no evidence to support its contention and Concordia disputed it. There also was no evidence or stipulation presented to the trial court showing whether Concordia was actually renting and generating income from the property.

The trial court granted ARCPE's motion nonetheless and it appointed a receiver to "provide [the court] the information that is missing." The trial court specifically directed the receiver to determine:

2

(1) whether "there is income being generated from this residential property that's currently going to Concordia;" and (2) "who has been paying the [HOA] assessments here, and who is and has been paying the taxes here." Given the uncertainty on these issues, the trial court deferred ruling on ARCPE's request to have the receiver collect rents. Concordia challenges the receiver's appointment[1] and seeks review under Florida Rule of Appellate Procedure 9.130(a)(3)(D). We review the order appointing the receiver for abuse of discretion. *U.S. Bank Nat'l Ass'n v. Cramer*, 113 So. 3d 1020, 1022 (Fla. 2d DCA 2013).

## Discussion

The appointment of a receiver "is to a large extent within the sound judicial discretion of the [trial court]," but "there are certain well-established rules that should be observed in exercising such discretion." *Apalachicola N. R.R. Co. v. Sommers*, 85 So. 361, 362 (Fla. 1920). Pertinent here, courts must exercise their discretion "with great caution and circumspection," and they "must be satisfied . . . that a receiver is necessary to preserve the property." *Id.* Relatedly, "to be entitled to the appointment of a receiver, the movant must show 'that [the] property is subject to a serious loss.' " *Cramer*, 113 So. 3d at 1023 (alteration in original) (quoting *Plaza v. Plaza*, 78 So. 3d 4, 6 (Fla. 3d DCA 2011); *see also ANJ Future Invs., Inc. v. Alter*, 756 So. 2d 153, 154 (Fla. 3d DCA

---

[1] ARCPE argues, as it did below, that Concordia no longer owns the property so it lacks standing to challenge the appointment of a receiver. The trial court did not decide the issue of Concordia's standing, finding it was not "necessary to resolve" in order to grant ARCPE's request for a receiver. Without a ruling from the trial court on the issue of Concordia's standing, we cannot address it on appeal. *See Maynard v. Fla. Bd. of Educ.*, 998 So. 2d 1201, 1207 (Fla. 2d DCA 2009).

2000); *Alafaya Square Ass'n v. Great W. Bank*, 700 So. 2d 38, 40 (Fla. 5th DCA 1997).

Here, ARCPE made no such showing. It argued that Concordia was renting the property for profit while failing to pay the property taxes and HOA assessments with the collected rents. But ARCPE presented no evidence of this. It did not show that Concordia was collecting rental income, nor did it show that the taxes and assessments were unpaid or being paid by someone else. Indeed, the trial court appointed a receiver to determine these very issues. As we've recognized, however, "a trial court cannot appoint a receiver [prejudgment] without hearing some evidence, either in the form of testimony, affidavits, or some other sworn pleading." *Zahav Refi LLC v. White Hawk Asset Mgmt., Inc.*, 378 So. 3d 1192, 1196 (Fla. 2d DCA 2023). It was therefore ARCPE's burden—and not the receiver's—to gather and present some evidence to the trial court showing that the property was at risk. Because ARCPE did not meet its burden, the trial court abused its discretion in appointing a receiver.[2] *See Plaza*, 78 So. 3d at 6; *Atco Constr. & Dev. Corp. v. Beneficial Sav. Bank, F.S.B.*, 523 So. 2d 747, 750 (Fla. 5th DCA 1988); *Boyd v. Banc One Mortg. Corp.*, 509 So. 2d 966, 967 (Fla. 3d DCA 1987); *Colley v. First Fed. Sav. & Loan Ass'n of Panama City*, 516 So. 2d 344, 346 (Fla. 1st DCA 1987).

We acknowledge the trial court's concern with the "innovative procedure" some limited liability companies use to profit from residential

---

[2] Concordia argues—and we agree—that ARCPE also had to show that it had a clear legal right to the property for it to be entitled to the appointment of a receiver. *See Cramer*, 113 So. 3d at 1023; *see also Apalachicola N. R.R. Co.*, 85 So. at 362. It is unclear whether the trial court decided this issue in granting ARCPE's motion, but we reiterate this requirement as stated in *Cramer*.

4

properties acquired at HOA foreclosure sales. *See Bonafide Props. v. Wells Fargo Bank, N.A.,* 198 So. 3d 694, 696–97 (Fla. 2d DCA 2016) (Altenbernd, J., concurring). We cannot say on this record whether Concordia is one such entity, nor do we suggest that it is or that there is anything untoward about this procedure. But even so, the appointment of a receiver "is an extraordinary remedy which must be exercised with caution as it is in derogation of the legal owner's fundamental right to possession of [the] property." *Alafaya Square Ass'n,* 700 So. 2d at 40. And for this reason, " 'there must still be some need to protect the property' before the court can appoint a receiver in equity." *See Storey Mountain, LLC v. Freestone Enter., LLC,* 368 So. 3d 473, 474 (Fla. 1st DCA 2023) (quoting *Cramer,* 113 So. 3d at 1023–24). The trial court here appointed a receiver to determine if such a need exists—rather than after such a need was shown—so the appointment of a receiver was in error.

Reversed and remanded.

KELLY and LaROSE, JJ., Concur.

—————————————————————

Opinion subject to revision prior to official publication.